# LAURA B. CHASE v. TINGDALE BROTHERS.[1]

November 27, 1914.

Nos. 18,976—(200).

**Automobile — proof of negligence — charge to jury.**

In this action to recover damages to plaintiff's automobile sustained in a collision with the automobile of defendant it is *held:*

(1) G. S. 1913, § 2634, providing that all motor vehicles must be kept to the right of the center of the street, has no application under the facts in this case and the burden of proof to show that defendant was negligent was upon plaintiff.

(2) An inadvertently inaccurate instruction was not reversible error, the inaccuracy not being seasonably called to the attention of the trial court.

(3) There was no prejudicial error in an instruction on the subject of damages or in a ruling on the admission of evidence relating to damages.

(4) The evidence made a case for the jury and supports the verdict.

Action in the district court for Hennepin county to recover $300 for injury to plaintiff's electric automobile, caused by the negligence of defendant and its servants. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Jay W. Crane,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

BUNN, J.

Plaintiff was driving her electric automobile south on Park avenue, Minneapolis, at about 6:30 p. m. on October 28, 1913. She was on the right hand side of the street about three feet from the curb and was driving in a lawful and careful manner, when her car was struck by an automobile belonging to defendant and driven by its chauffeur. This action was to recover the damages sustained to plaintiff's car by the collision. The case was submitted

[1] Reported in 149 N. W. 654.

127 M.—26.

to the jury and a verdict for defendant was the result. Plaintiff appeals from an order refusing a new trial.

Plaintiff claims prejudicial errors in the charge, and error in denying her motion for an instructed verdict in her favor. These claims are largely based upon the premises that plaintiff was driving on the right side of the street, and that defendant's car was on the wrong side of the street when the collision occurred. This is true only in a technical sense. The facts which the jury was justified in finding are these: Defendant's car was being driven north along the right hand side of Park avenue about six feet from the curb, at a speed of from 10 to 15 miles per hour, when an electric car backed out of an alley or driveway in front; there were no lights on this car and no warning had been given of its approach; defendant's chauffeur saw the electric car suddenly loom up ahead, applied his brakes and attempted to make a quick turn to the left to get around the rear of the electric; the pavement was wet and slippery because of the weather, the rear wheels of defendant's car skidded to the right, striking the right rear-wheel of the electric; at substantially the same moment the front of defendant's car collided with plaintiff's automobile, causing the damage complained of.

Plaintiff's claims here are centered upon the proposition that the burden of proof was upon the defendant. This is contended on the ground that there was a violation of G. S. 1913, § 2634, providing that "all vehicles * * * must keep to the right of the center of the street," and of section 2635, limiting the rate of speed of motor vehicles to 15 miles an hour on public highways that pass through the residence portion of a city. As to the matter of speed, the evidence did not show it was in excess of 15 miles an· hour. As to defendant's car not keeping to the right of the center of the street, plainly the statute has no application where a motor vehicle, through no fault of its driver, skids on a slippery pavement and is thus thrown across the center line. No violation of the statute was conclusively shown, and therefore the burden of proof to show the absence of negligence was not with defendant. The case of

Molin v. Wark, 113 Minn. 190, 129 N. W. 383, 41 L.R.A.(N.S.) 346, relied on by plaintiff, is not in point.

Plaintiff criticizes an instruction of the trial court to the effect that, if the jury found that defendant violated the statute, and that plaintiff's damages resulted proximately from such violation, a *"prima facie"* case of negligence was made. The use of the words *"prima facie"* was obviously an inadvertence which would have been corrected had it been seasonably called to the attention of the court. The inaccuracy cannot avail plaintiff now. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

There is a claim of error in an instruction on the measure of damages, and in permitting a witness to testify as to the cost of repairs to the damaged car. As the jury never reached the question of damages, it is plain that there is nothing to decide here.

Plaintiff asked an instruction that she was entitled to a verdict on the evidence of defendant's driver. Insofar as the claim that the refusal of this instruction was error, is based upon the speed of the car, or upon its being to the left of the center of the street when the collision occurred, it is sufficient to say, as we have already practically said in discussing the statute, that the evidence does not conclusively show negligence on the part of the driver. Taking all the circumstances surrounding the accident, including the emergency that confronted the driver, and his conduct in this emergency, we are satisfied that the case was one for the jury, and that the verdict absolving the driver from blame is fairly supported by the evidence.

Order affirmed.