## CHARLES L. CLARK v. JOSEPH A. QUINN.[1]

October 28, 1938.

No. 31,655.

*Dell & Rosengren,* for appellant.
*Phillips & Sherwood,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying his motion for new trial after verdict against him. The parties to this cause are lawyers, plaintiff residing at Park Rapids, defendant at Wadena.

[1]Reported in 281 N. W. 815.

The controversy between them has for its background the following facts: In an automobile accident occurring at Park Rapids on May 17, 1936, Stanley Kartak and wife, Miss Robbins, and one Campbell suffered personal injuries. Mr. Kartak on the next day employed plaintiff to prosecute both his own and his wife's claims for damages; and a few days later plaintiff was also employed by Miss Robbins and Campbell for the same purpose. His fees, contingent upon success, were to be one-third of the net recovery. Thereafter, July 16 or 17, defendant, with knowledge that plaintiff had been employed by Mr. Kartak, entered into written agreements with both the Kartaks to render professional services in their behalf to recover damages arising out of the same accident. Defendant's fees, too, were contingent, the only difference being that he was to receive only 30 per cent of the net recovery.

On July 21 defendant wrote plaintiff suggesting that plaintiff remain in the cases and become associated with defendant in handling them. Considerable correspondence passed and conferences were arranged for and held. In the meantime, plaintiff had investigated the facts and procured statements from persons who were at or near the place of accident. Apparently the parties worked harmoniously until August 8, when defendant wrote plaintiff that the two Kartak cases were not to be started that fall. He also made it plain "that under no circumstances will I agree or permit the two Kartak cases to be tried with the other cases," reference being had to the Robbins and Campbell cases. He ended the letter by stating, "This therefore clears the way for you to start *your own cases* without waiting for me." (Italics supplied.) Other letters passing between the parties clearly indicate that the Robbins and Campbell cases were considered by defendant to be "the two cases that you [plaintiff] represent." Other letters passing between the parties limit the subject matter therein discussed strictly to the Kartak cases. The record leaves no doubt that defendant received as his net fees in the Kartak cases $1,295.05. Equally clear is the testimony that fees to be earned should be equally shared. But there is a real dispute between them as to whether all four cases should be

considered as being within their agreement or whether the Kartak cases alone were to be so considered.

The complaint alleges that "defendant is indebted to plaintiff in the sum of $750 for moneys of the plaintiff had and received by defendant on or about the first day of December, 1936, for professional services rendered in prosecuting the claims of Kenna Kartak and Stanley Kartak against Ernest Clark and Loren Demaris and effecting settlement thereof, * * *" The answer is a general denial.

Defendant claims the court erred in excluding evidence in respect to what plaintiff received in the two cases (Robbins and Campbell) admittedly handled by him alone from beginning to end; also that the court erred in its determination respecting the rule of law applicable to damages.

The real controversy necessarily centered around the conflicting claims as to what cases were within their agreement. The court so considered the issue and instructed the jury:

"You are here solely to consider and determine what the contract was between plaintiff and defendant and return your verdict accordingly. * * * The entire question before you is to determine who is right and who is wrong, and that you will do by recalling all of the evidence that has been received in the case and then comparing it and considering it along with the exhibits which will go with you to the jury room."

■ The only claimed error in respect to exclusion of evidence relates to defendant's attempt to show what plaintiff had received out of the two cases handled by him alone. Such offered proof was excluded upon the theory that it was immaterial to the issues presented by the pleadings. Whether the court was right or wrong in this regard we need not determine because it seems clear that the verdict of the jury upon the principal issue disposed of the case.

Plaintiff's cause as pleaded was founded upon the fees received by defendant in the two Kartak cases. Conceding that defendant might show under his claim of the four cases being pooled and that division of fees as to all of them was to be upon equal basis, yet the

fact remains that the foundation for any offset on defendant's part depended upon the existence of the agreement as claimed by him. Obviously the claim for offset or recoupment depended upon the establishment of a contract other than the one upon which plaintiff relied. The verdict determined that issue for plaintiff. Thus, if there be error (we are not intimating there was) in excluding proof of what plaintiff received out of his cases, it was error without prejudice.

Here as in Chase v. Tingdale Bros. 127 Minn. 401, 403, 149 N. W. 654, 655, "as the jury never reached the question of damages, it is plain that there is nothing to decide here." See also Lorberbaum v. Christopher, 198 Minn. 289, 294, 269 N. W. 646. Numerous cases are found holding that instructions on the question of damages become immaterial on a verdict being rendered for defendant on the main issue. 4 Minn. & N. W. Dig., App. & Error, 1068(4), and cases cited under notes.

■ The measure of damages here applicable is the subject of considerable discussion especially in defendant's brief. His claim is: "In the instant case any relationship which existed between plaintiff and defendant was that of attorney and client"; and he confidently asserts "that a contract made with an attorney for professional services, unless in the nature of a retainer over a period of time, can be terminated at will by the client, in which event, there is no longer any contract and counsel is only entitled to the reasonable value of his services rendered during the existence of the relationship * * *." In support of this contention he cites Lawler v. Dunn, 145 Minn. 281, 176 N. W. 989; Seibert v. Seibert, 186 Minn. 274, 243 N. W. 59; Martin v. Camp, 219 N. Y. 170, 114 N. E. 46, L. R. A. 1917F, 402, and many other cases.

We may grant the rule to be as contended for by defendant *provided* the relationship between the parties was that of attorney and client. If that was not the relationship then obviously the rule itself was inapplicable. But their relationship was, we think, not that at all. Plaintiff was not employed by the Kartaks but by defendant. Their agreement was one of rendering mutual service in furtherance of a common cause and to divide equally the profits

456

to be derived therefrom. That, too, was the view of the court; hence that this being an express contract, if there was breach thereof the contract itself measured the extent of liability. We think the court was right; and, if it was, the rule applied was also right, *i. e.*, that what the law seeks to effect is to allow damages for breach of a contract to the party wronged so as to leave him "in the same situation with respect to the subject of the contract as its performance would have placed him in." 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 2561, and cases cited under note 2.

What has been said determines this appeal. The order is right and stands affirmed.