TRACY H. AND WILLIAM R. MARSH v. ROSE M. HENRIKSEN.[1]

December 24, 1942.

No. 33,273.

[1]Reported in 7 N. W. (2d) 387.

*Christensen & Johnson* and *A. E. Bryngelson,* for appellants.
*Freeman & King,* for respondent.

PIRSIG, JUSTICE.

This action is one for damages claimed to have resulted from defendant's negligent driving of a car. A verdict was returned for the defendant.

On the ninth day of August 1940, at about 8:20 p. m., plaintiff Tracy H. Marsh and two other ladies were returning to Minneapolis in defendant's car. Defendant was driving the car. They were near Farmington, Minnesota, on a somewhat narrow pavement. It was dusk and raining, and, as a result of the rain, mud had been tracked upon the edge of the pavement by trucks and other traffic. Some 15 to 20 miles preceding the accident here involved, defendant's right front wheel had gone off the pavement and onto the shoulder. Defendant then reduced the speed of her car and was driving from 30 to 35 miles per hour. She continued at this speed until the accident occurred. The right front wheel again left the pavement. Defendant kept the car on the shoulder of the road for a short distance and then attempted to get back on the pavement again. At the point where she tried to return to the pavement her car skidded as a result of the slippery pavement and crossed over to the other side, coming to a stop, and

there falling gently to its left side. Defendant testified that as she tried to bring the car back on the pavement she used only moderate force in applying her brakes in order to prevent skidding from taking place on the wet pavement. In any event, according to her testimony, the car did not go over two or three car lengths from the moment it left the pavement to where it came to a complete stop. A bus driver testified that he was coming at the time from the opposite direction, saw defendant's headlights as they crossed and left the road, but thought that the defendant was turning into a farm driveway. Defendant testified that she could not recall seeing the lights of the bus. The car was not seriously damaged. It was driven to Minneapolis, without repair, the next morning at a speed of 50 to 60 miles per hour.

The facts as stated are those most favorable to the plaintiff but supported by the evidence. The jury was entitled to believe them. It was also entitled to conclude that the accident was caused solely by the condition of the highway and that defendant was not guilty of driving at an excessive rate of speed, or that she failed to keep a proper lookout or to keep her car under reasonable control. These are the only acts of negligence specifically claimed against the defendant. The evidence here is even more clear and compelling in favor of defendant than that in Schultz v. Rosner, 209 Minn. 462, 296 N. W. 532, in which the verdict of the jury in defendant's favor was upheld.

The claim is made that, the car having left the road, skidded, and turned over and no explanation having been made of this occurrence, such as a blowout or blinding approaching lights, the jury was required to find that the defendant was negligent. In substance, this is a claim that the doctrine of *res ipsa loquitur* required a verdict for the plaintiff. Even assuming that the doctrine is applicable to the facts in this case, this court has repeatedly held that it merely justifies a verdict for the plaintiff but does not require it. Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102. In Nicol v. Geitler, 188 Minn. 69, 73, 247 N. W. 8, 10, this court said:

"The car left the paved road, went over the shoulder, and turned over. This made a prima facie case of negligence for plaintiff. It permits, but does not compel, a finding of negligence, though it is sufficient to sustain such finding. Such is the rule of res ipsa loquitur, * * *."

Wenger v. Velie, 205 Minn. 558, 286 N. W. 885, is distinguishable. There the evidence, including defendant's own explanation, and not the application of the doctrine, compelled the conclusion that he was negligent.

The trial court ruled out testimony of the plaintiff Mrs. Marsh relating to the speed at which the car was going at the time of the accident. Her testimony regarding her ability to estimate the speed was highly unsatisfactory and rested largely upon her statement that subsequent to the accident she and her husband had acquired a new car, and that from the use of this car she could now form a conclusion as to the speed of the car in question, although she was unable to do so at the time of the accident. The car in question was also a new one. Whether or not a sufficient foundation had been laid for the admission of her opinion was clearly within the trial court's discretion. In re Estate of Olson v. Johnson, 148 Minn. 122, 180 N. W. 1009, 181 N. W. 569; Olthoff v. G. N. Ry. Co. 135 Minn. 72, 160 N. W. 206; Clarke v. Philadelphia & Reading C. & I. Co. 92 Minn. 418, 100 N. W. 231. There was no abuse of this discretion.

Judgment affirmed.

STREISSGUTH, JUSTICE (dissenting).

The defendant's cruise across U. S. trunk highway No. 218 had two distinct phases, as her own log shows. The first phase ended and the second began when the right front wheel of her car left the east side of the pavement; the second phase included her journey back onto and across the pavement to the ditch on the west side.

The majority opinion ignores the first of these phases; its analysis is directed solely to measuring defendant's conduct during

the second phase. It applies the due care gauge to defendant's handling of her automobile after her car got back on the pavement and not to her acts and conduct in the first instance in permitting the right wheel of her car to travel off the pavement and onto the muddy shoulder.

Her own testimony was the only testimony offered in defense. She admitted the former incident of leaving the pavement a few miles back, admitted that Mrs. Marsh had said, "It would be better to drive slow," and failed to deny statements ascribed to her that she was inclined to drive too much to the right. She further admitted that "at all times [she] could see." Her whole defense was based upon the fact that it was raining and the pavement was wet, slippery, and muddy. No claim was made that she was blinded by the lights of an approaching car, that she struck any obstacle, that another car crowded her over to the right, or that anything occurred requiring the sudden application of her brakes or a sudden turn of the steering wheel.

Accepting her testimony at its face value and adding permissible inferences thereto, we have a situation where a driver of an automobile traveling on a summer night at a speed of 35 miles an hour on a straight and level, but wet and slippery, paved highway permits her car to edge off the right side of the highway, necessitating a sudden turn to the left to get it back on the highway, in accomplishing which the car, notwithstanding the then exercise of belated care, gets out of control and slips completely across the highway and into the ditch on the left side. Counsel for the defendant has skillfully placed all his emphasis upon defendant's handling of the car after it got back on the highway, trusting that the jury would forget to apply the standard of due care to her original negligent acts in permitting the car to get off the pavement in the first instance, as to which she offered absolutely no reasonable explanation; and, finally, to make it easier for the jury to forget, counsel, on redirect examination of defendant, showed that she was a widow with four children. While counsel's "punt, pass, and prayer" won the verdict, I feel that, in the interest of

justice, the same should be set aside and the case submitted to a new jury.

To say that just because a pavement is wet and muddy—not icy—a driver can thereby explain away her failure to stay on an 18- or 20-foot concrete highway, and this without any other contributing factor such as an obstruction on the highway, the blinding lights of an approaching car or of one traveling on the wrong side of the highway, or like circumstances, is to deny the common experience of all automobile drivers. Automobiles driven by women of ordinary care and alertness do not leave wet pavements in the summertime at 35 miles an hour unless the driver is temporarily blinded or is suddenly confronted with an emergency not of her own making, requiring her suddenly to apply her brakes or turn her steering wheel. *Res ipsa loquitur* wholly aside, the unexplained failure and inexcusable inability of defendant to keep her automobile on the pavement established negligence, and I feel there should at least be a new trial.

