SIDNEY COHEN v. FRANCES A. HIRSCH AND ANOTHER.[1]

April 6, 1950.

No. 34,910.

*Stacker & Stacker* and *Clifford W. Gardner,* for appellant.

*Snyder, Gale, Hoke, Richards & Janes* and *James B. Hannah,* for respondents.

[1]Reported in 42 N. W. (2d) 51.

KNUTSON, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for a new trial after a verdict for defendants.

This case arises out of a rear-end collision at the intersection of University and Hampden avenues in the city of St. Paul between an automobile driven by defendant Donald Hirsch and owned by his mother, defendant Frances A. Hirsch, and an automobile driven by plaintiff and owned by his employer. At the point of the collision, University avenue is 69 feet in width from curb to curb. Two sets of streetcar tracks run substantially in the center of the avenue. The traveled portion of Hampden avenue, which intersects University avenue at right angles, is 40 feet in width. The intersection is protected by stop-and-go lights, which were in operation at the time of the collision. Approaching Hampden avenue from the east, the grade is downward, averaging about one to one and one-half percent. The collision occurred on January 30, 1946, at about noon. It was a snowy day, and the streets were wet and at places slippery.

Just prior to the collision plaintiff was driving west on University avenue. He approached the intersection of University and Hampden avenues and came to a stop in response to a red light. Donald was driving about three or four car lengths behind plaintiff. He saw plaintiff come to a stop, and as he approached plaintiff's car he applied his brakes. He was driving in the lane near the center of the highway on that portion thereof occupied by streetcar tracks. As Donald approached plaintiff's car, Donald turned slightly to the left, and the tires of his car became caught in the tracks in some way, causing him to skid and to strike the rear of plaintiff's car a glancing blow.

Donald's testimony was that he had been moving with the traffic at about 20 to 25 miles per hour; that as plaintiff's car stopped he slowed down to about five to ten miles per hour; that he was thoroughly familiar with the highway; that the brakes on his car were working properly; and that he had good vision.

The testimony of plaintiff and that of Donald and his witnesses as to the severity of the blow is in dispute. Donald claims that he

hit plaintiff's car a glancing blow that was not severe. Plaintiff, on the other hand, claims that he was hit a hard blow, causing serious personal injuries. However, in view of the conclusions we have come to, this fact question becomes immaterial.

Plaintiff claims that defendants were guilty of negligence as a matter of law and that it was error to submit the question of defendants' negligence to the jury. He also assigns as error that portion of the court's instruction which reads as follows:

"In this case there is evidence that the Hirsch car skidded into the Cohen car. The evidence that a car skidded, standing alone, is not evidence of its negligent operation."

Standing alone, the above instruction may not correctly state the law. However, we have often held that the court's instructions must be read as a whole and that isolated statements may not be considered without reference to their context. The statement complained of was only a portion of the instruction relating to skidding. The whole of the statement is as follows:

"In this case there is evidence that the Hirsch car skidded into the Cohen car. The evidence that a car skidded, standing alone, is not evidence of its negligent operation. But if such skidding could have been prevented by the exercise of ordinary care, then it is evidence of negligent driving.

"It is for you to say from all the evidence here whether the defendant was driving his car negligently [*sic*] caused or contributed to the skidding and the happening of the accident."

After retiring, the jury returned for further instructions, and the court then reread a portion thereof, including the portion quoted above. His whole instruction regarding skidding as an element of negligence at that time was as follows:

"* * * the various charges of negligence which the plaintiff charges against the defendant driver, Donald, was that he failed to keep a proper lookout, that he failed to keep his car under proper control, that he was driving at an excessive rate of speed for that

particular time and place, that he drove too closely in following the traffic ahead of him, that he did not decrease his speed sufficiently as he approached the intersection having in mind the conditions of the highway, and that he failed to obey the stop sign. Those are the specific claims of negligence.

"In addition to that the instructions contained this statement, in this case there is evidence that the Hirsch car skidded into the Cohen car. The evidence that a car skidded, standing alone, is not evidence of its negligent operation, but if such skidding could have been prevented by the exercise of ordinary care, then it is evidence of negligent driving. It is for you to say from all of the evidence here whether the defendant was driving his car negligently in one or more of the ways charged and whether such negligence caused or contributed to the skidding and the happening of the accident."

If the foregoing instruction was correct, it disposes of plaintiff's appeal.

In Chase v. Tingdale Brothers, 127 Minn. 401, 402, 149 N. W. 654, 655, where defendant's car skidded into plaintiff's automobile on a slippery street, and plaintiff there, as here, contended that the burden of proof was upon defendant to show lack of negligence, we said:

"* * * As to defendant's car not keeping to the right of the center of the street, plainly the statute has no application where a motor vehicle, through no fault of its driver, skids on a slippery pavement and is thus thrown across the center line. No violation of the statute was conclusively shown, and therefore the burden of proof to show the absence of negligence was not with defendant."

In Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377, we held that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury where plaintiff's car skidded and collided with defendant's truck. It was defendant's contention that when plaintiff skidded to the wrong side of the street there was a violation of statute, which cast on plaintiff the burden

of showing excuse or justification for his presence there. In rejecting this contention we said (165 Minn. 198, 206 N. W. 379):

"* * * Plaintiff claimed his presence in the forbidden territory in the instant case was due to skidding. Upon the record it was for the jury to say whether the plaintiff's presence on the wrong side of the street was due to skidding and whether plaintiff had been in fact negligent.

"Upon the facts being found by the jury as claimed by plaintiff to the effect that his place in the street was due to unavoidable skidding, the statute (section 2708, G. S. 1923), requiring vehicles to keep to the right of the center of the street would have no application."

In Marsh v. Henriksen, 213 Minn. 500, 7 N. W. (2d) 387, plaintiff was injured when the car in which she was riding as a guest skidded on a slippery pavement and turned over. In rejecting the claim that the burden of proof was on defendant to negative negligence, we said (213 Minn. 502, 7 N. W. [2d] 388):

"The claim is made that, the car having left the road, skidded, and turned over and no explanation having been made of this occurrence, such as a blowout or blinding approaching lights, the jury was required to find that the defendant was negligent. In substance, this is a claim that the doctrine of *res ipsa loquitur* required a verdict for the plaintiff. Even assuming that the doctrine is applicable to the facts in this case, this court has repeatedly held that it merely justifies a verdict for the plaintiff but does not require it."

See, also, Foster v. Gamble-Robinson Co. 188 Minn. 552, 247 N. W. 801.

These cases are in accord with the great weight of authority. In Linden v. Miller, 172 Wis. 20, 22, 177 N. W. 909, 12 A. L. R. 665, the Wisconsin court said:

"* * * Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the

car under circumstances not necessarily implying negligence. Hence plaintiff's claim that the doctrine of *res ipsa loquitur* applies to the present situation is not well founded. In order to make the doctrine of *res ipsa loquitur* apply it must be held that skidding itself implies negligence. This it does not do. It is a well known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there. No negligence as a matter of law can be charged to the fact that defendant ran his car on Prospect avenue that day on a snowy and slippery roadway. Plaintiff also ran her car there, and she avers, and it is admitted, she was not negligent. Other cars were being run there that day, and it is a matter of common knowledge that cars are run all winter and in practically all kinds of weather upon city streets. So the jury were warranted in finding no negligence because of using the street under the circumstances. As a rule, in auto collisions the direct cause of the accident and the controlling circumstances attendant thereon are usually not so within the control of a driver as to raise a presumption of negligence on his part. In other words, the doctrine of *res ipsa loquitur* does not usually apply to such accidents."

In King v. Wolf Grocery Co. 126 Me. 202, 204, 137 A. 62, 63, the Maine court said:

"* * * The mere skidding of a motor vehicle does not of itself prove negligence of the driver. All the circumstances must be taken into consideration."

In 2 Berry, Law of Automobiles (7 ed.) § 2.402, we find the following:

"The mere skidding of an automobile is not an occurrence of such uncommon or unusual character, that, unexplained, it can be said to furnish evidence of negligence in the operation of the car."

See, also, 3 *Id.* § 3.163.

The cases are collected in Annotations, 58 A. L. R. 264 and 113 A. L. R. 1002. It would serve no useful purpose further to review them here.

In effect, what plaintiff asks us to do is to apply the *res ipsa loquitur* doctrine. The almost universal holding of the authorities is that such doctrine does not apply. Marsh v. Henriksen, 213 Minn. 500, 7 N. W. (2d) 387; Linden v. Miller, 172 Wis. 20, 177 N. W. 909, 12 A. L. R. 665, both *supra;* Annotations, 58 A. L. R. 269, 113 A. L. R. 1014.

While it may seem harsh that plaintiff, who was without fault, is not permitted to recover, that is an argument which may well be addressed to the jury, not to us, sitting as an appellate court. We are of the opinion that the question of defendants' negligence was properly submitted to the jury and that, taken as a whole, the court's instructions adequately covered the applicable law.

Affirmed.