**ROSEN et al. v. UNDERWRITERS AT LLOYD'S OF LONDON.**

Civ. A. 12110.

United States District Court
E. D. Pennsylvania.

Nov. 2, 1951.

Horace M. Schell, Jerome Bennett, Philadelphia, Pa., for plaintiff.

Henry A. Frye, Richard L. Freeman, and Moffett, Stover, Frye & Leopold, all of Philadelphia, Pa., for defendants.

CLARY, District Judge.

The matter is before me on defendants' motion to dismiss plaintiff's amended complaint.

The action is based on a policy of insurance issued upon several valuable horses, among which was one known as "Palatine King", insured for $19,200. The policy was issued for the period July 27, 1949 to July 27, 1950. On July 3, 1950, "Palatine King" suffered an injury. Plaintiff alleges that the injury was of such a nature as to require immediate destruction of the animal. The policy provided that no liability should attach in the event of slaughter of the animal unless the slaughter was with the consent of the defendants' veterinary. Plaintiff alleges in his complaint that the withholding of consent was arbitrary, deliberate and with the sole purpose of prolonging the life of the animal beyond the term of the policy, the said defendants' veterinary well knowing that the animal could not recover and should be destroyed.

Accepting as true the facts pleaded in plaintiff's amended complaint, as I am required to do on a motion to dismiss, the plaintiff has set forth a claim upon which relief can be granted. He has raised the question of fraud on the part of defendants in withholding consent to the destruction of the animal, thereby preventing the happening of the condition necessary for plaintiff's recovery. See Williston, "Contracts", Vol. III, Sec. 677, and Restatement, "Contracts", Sec. 295.

Defendants' contention that even if consent was withheld arbitrarily, plaintiff could not recover, is untenable.

The motion to dismiss will be denied.