## FRANK SVERCL v. EARL JAMISON.

88 N. W. (2d) 839.

March 14, 1958—No. 37,157.

*James Harper* and *Hugo A. Laine*, for appellant.

*Lipschultz, Altman, Geraghty & Mulally, James H. Geraghty*, and *Roger R. Lenzmeier*, for respondent.

KNUTSON, JUSTICE.

This is an appeal from a judgment entered pursuant to an order of the trial court granting judgment notwithstanding the verdict after a decision in favor of plaintiff.

The facts are not seriously in dispute. Plaintiff and defendant are close friends. Both live at Sandstone, Minnesota. A day or two prior to November 28, 1954, they went on a week-end deer-hunting trip together to a camp north of Grand Rapids, Minnesota. They were accompanied by defendant's 22-year-old son, Earl. In making the trip they used defendant's DeSoto automobile, which was practically new and in good working condition. On the return trip on Sunday, defendant was driving. Defendant's son was seated in the middle of the front seat, and plaintiff sat on the right side of the front seat. A slight snow was falling north of Grand Rapids, but the weather cleared as they proceeded southward. They traveled on Trunk Highway No. 169 for some

distance, but at McGrath, Minnesota, they entered and proceeded easterly on Trunk Highway No. 66, which had a graveled surface. Driving conditions were good, and defendant drove at a speed of about 50 miles per hour until they approached the Pine Lake area. There they encountered a series of S-curves. The road surface on these curves was covered with ice, a condition which the parties became aware of on their trip to Grand Rapids. As they approached these curves, defendant reduced his speed to about 30 miles per hour and had no difficulty in controlling the car until he reached the last curve around the lake. That curve was slightly sharper than the others and was covered with glare ice. He reduced his speed to slightly less than 30 miles per hour, and, when he encountered the ice on this curve, he slid off the road into the ditch, and plaintiff sustained the injuries for which he now sues to recover.

As has been stated, plaintiff was seated in the front seat. He testified that he observed the conditions of the road at all times and that he knew the icy condition of the curves in the Pine Lake area. He stated that he felt perfectly safe with defendant driving and that he noticed nothing which caused him to feel otherwise when defendant was negotiating these curves.

The jury returned a verdict in favor of plaintiff, and, on motion, the trial court set aside the verdict and granted judgment notwithstanding the verdict. It was the opinion of the trial court that the evidence, taken most favorably to plaintiff, was insufficient to show any negligent conduct on defendant's part in the operation of the automobile.

The only question for our determination is whether the evidence is such that a finding of negligence can be sustained.

We have frequently held that evidence of skidding on a slippery road, standing alone, is not enough to establish negligence.[1] To hold otherwise would be to apply the doctrine of res ipsa loquitur in a class of cases where it obviously does not belong. However, in many of the cases of this type, the manner of driving prior to skidding and the control of the car both before and after skidding present a situation where an inference of negligence is permissible. Here, defendant was aware

[1] Many of the cases on this subject are collected in Cohen v. Hirsch, 230 Minn. 512, 42 N. W. (2d) 51.

of the fact that there were icy spots on the road and in particular around these curves. He had encountered such ice on the trip to Grand Rapids. He found ice on the curves that he previously had been able to negotiate. In that respect the case differs from Johnson v. Bosch, 178 Minn. 363, 227 N. W. 181, which is relied upon in part by the trial court in setting aside the verdict of the jury. In that case the driver of the automobile lost control when it hit some loose gravel on the road. We said (178 Minn. 365, 227 N. W 182):

"* * * It happened that the gravel where the cars met was loose near the shoulder of the roadway. However there is nothing to show that this condition could be detected by either plaintiff or the driver before the car struck it."

In the case now before us, defendant knew that he was apt to encounter icy spots, particularly around these curves. He could see the icy spots on the road.

The decision in White v. Cochrane, 189 Minn. 300, 249 N. W. 328, which was decided by a divided court, three justices dissenting, was based mainly on the fact that plaintiff had absolved defendant of any negligence by her testimony or that she had assumed the risk of riding with defendant. As far as the testimony of plaintiff in this case is concerned, much the same probably could be said, but we do not believe that it follows, as a matter of law, that, merely because plaintiff felt no apprehension of danger, the jury could not find defendant negligent. After all, the duty of operating the car safely rests on the driver.

Nor is Thompson v. Peterson, 235 Minn. 142, 50 N. W. (2d) 53, of much help here. In that case a highway truck, in the process of sanding a steeply banked curve covered with glare ice, was traveling at a very slow rate of speed and it slid down the curve and obstructed the path of plaintiff's truck, which was approaching the curve from the opposite direction. Plaintiff was unable to stop. He entered the area knowing that the road was covered with glare ice and that defendant's truck was on the curve. We held that, under the circumstances of that case, defendant could not have anticipated that his truck would slide down the curve as it did and that there was no evidence of negligence.

In the cases more nearly like the one now before us we have consis-

tently held that the question of negligence was for the jury.[2]

The facts, as well as the contentions of the parties, in Schultz v. Rosner, 209 Minn. 462, 463, 296 N. W. 532, 533, are quite similar to those in the case now before us; we there said:

"3 Mason Minn. St. 1940 Supp. § 2720-178(a),[3] provides that no person shall drive a motor vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. *Id.* § 2720-291(b),[4] provides that a violation of the act shall not be negligence *per se* but shall be *prima facie* evidence of negligence. The statute imposes on the driver of an automobile the duty of exercising due care in the light of existing driving conditions and actual and potential hazards. The evidence shows that defendant knew the existing driving conditions and appreciated the risks and hazards incident thereto. The speed here was not excessive unless it was greater than was reasonable and prudent under the conditions because of actual and potential hazards due to the patches of ice on the pavement and the occasional snow flurries. The parties had driven safely over numerous such patches of ice during the three and one-half miles and more prior to the accident. In determining whether or not defendant was negligent in driving at the speed mentioned, all the factors affecting his driving, such as the icy condition of the road, the snow flurries, the care exercised by him in handling the car before and after the skidding, and the application of the brakes, were to be considered, and they presented a fact issue to be decided by the jury. The evidence permitted, but did not compel a finding either way."

Many of the cases of this type would permit a finding by the

---

[2]Chase v. Tingdale Bros. 127 Minn. 401, 149 N. W. 654; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Fox v. Minneapolis St. Ry. Co. 190 Minn. 343, 251 N. W. 916; McKeown v. Argetsinger, 202 Minn. 595, 279 N. W. 402, 116 A. L. R. 398, 23 Minn. L. Rev. 83; Marsh v. Henriksen, 213 Minn. 500, 7 N. W. (2d) 387; Cohen v. Hirsch, 230 Minn. 512, 42 N. W. (2d) 51; Wiest v. Twin City Motor Bus Co. 236 Minn. 225, 52 N. W. (2d) 442; Daly v. Springer, 244 Minn. 108, 69 N. W. (2d) 98.

[3]Now M. S. A. 169.14, subd. 1.

[4]Now M. S. A. 169.96.

jury either way. In this case, we are of the opinion that reasonable men could differ as to whether defendant exercised that degree of care under the existing circumstances that is required by law; hence that the determination by the jury that there was negligence should stand. While evidence of skidding alone is not enough to establish negligence, evidence of speed, the care exercised in controlling the car, knowledge of existing dangerous conditions, and the failure to further reduce speed under these conditions usually present facts from which a jury can justifiably draw an inference that defendant failed to exercise that degree of care required of him under the existing circumstances. In this case, we cannot say as a matter of law that defendant, having knowledge of the icy conditions then existing, should not have anticipated that he would be likely to slide off the road if he failed to further reduce his speed. While the question, as it usually is in cases of this kind, is a close one, we think that negligence has been sufficiently established so that the verdict of the jury should stand.

Reversed.