PATRICK BUTLER v. HARTFORD LIVE STOCK INSURANCE COMPANY.

112 N. W. (2d) 50.

December 1, 1961—No. 38,129.

*Blethen, Ogle & Gage,* for appellant.

*Stringer, Donnelly & Sharood* and *Henry H. Cowie, Jr.,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal by defendant from an order of the district court denying a motion for judgment notwithstanding the verdict or for a new trial.

This is an action to recover a claim for death benefits under a policy of life insurance on a registered mare. She was injured while engaged in competition on a show circuit and approximately 9 months later was destroyed.

The insurance policy included the following provision as to intentional destruction of the mare:

"Against loss caused by the intentional destruction of any animal or animals insured hereby within the term of this policy, but only and not otherwise when such loss caused by the intentional destruction occurs under either of two circumstances, to-wit:

"1. Where complete fracture of a bone or bones occurs by accidental injury and where because of such fracture immediate destruction is necessary and a certificate from a licensed veterinarian certifying that such destruction was immediately necessary shall have been obtained prior to the destruction of such animal or animals.

"2. Where this company shall consent to such destruction."

Since there was no fracture involved, no issue is raised here as to that part of the provision numbered "1" above.

Evidence was introduced to show that following the mare's injury, various treatments were attempted, but her condition became steadily worse. Her trainer testified that she lost a great deal of weight and that she was in constant pain during the last month of her life. A veterinarian who examined the mare at the request of the defendant indicated that she showed pain when she moved and that in his opinion her condition was permanent.

The injury occurred in May 1958. Plaintiff wrote to defendant November 12, 1958, giving notice of the injury and enclosing a report of a veterinarian on the condition of the mare. Defendant responded November 21, 1958, saying that it could give no insurance benefits for loss of services, but only for the death of the animal;[1] the letter further stated that there was no basis shown for permitting the destruction of the mare.

On February 18, 1959, the attorney for plaintiff wrote to the defendant stating that although the mare "has been treated regularly" since the injury, "her condition has not improved and in fact has become worse." The letter further stated:

"The mare has chronic and recurrent lameness in her rear legs, and Mr. Butler has been advised that this condition is the result of injury to the lumbosacral region and is undoubtedly permanent. The mare has pain and is useless for any purpose.

"Based on the foregoing, it is our client's conclusion that this animal should be intentionally and humanely destroyed. * * *

"Your consent to the destruction of this animal is requested. We would appreciate being advised as to whether you acquiesce in this matter, or whether it will be necessary to institute appropriate proceedings under the policy after the death of the mare."

---

[1] The exceptions to the policy involved here provide: "Under no circumstances shall this company be liable under this policy for any loss resulting from: Depreciation in value caused by any animal insured hereunder becoming unfit for or incapable of fulfilling the functions or duties for which it is kept, employed or intended; * * *."

The defendant never consented to the destruction of the mare, nor did it answer this letter from plaintiff's attorney. The mare was destroyed February 24, 1959, and a letter giving notice of this was sent to defendant on February 26. Defendant answered this letter on March 19, 1959, denying that it was liable under the policy since there was no complete bone fracture and consent had not been obtained.

The trial judge instructed the jury that the fact that the animal was here destroyed without the consent of the defendant insurance company need not deprive the plaintiff of his right to recover for the loss of the mare. The court charged the jury in part as follows:

"Therefore, if by a fair preponderance of the evidence you find that the mare was here injured in such a manner as to cause it a high degree of pain and suffering which would to a reasonable certainty continue for such a long time as to make it inhumane to keep the mare for further treatment and the advice of the veterinarian was that for humane reasons and because in his opinion the mare had sustained such a permanent and incurable injury as to render her useless for any purpose and that she should be destroyed, then your verdict should be for the plaintiff for $3500 which it was admitted the mare was worth at the time of her injury."

The jury returned a verdict for plaintiff for $3,500. Defendant moved for judgment notwithstanding the verdict or a new trial, both of which were denied. He now appeals from the order denying this motion.

Defendant's assignments of error are essentially two. First, it argues that it was entitled to judgment as a matter of law, and therefore its motions for a directed verdict made at the close of plaintiff's evidence and of all the evidence, and its motion for judgment notwithstanding the verdict, should have been granted. Secondly, it contends that it is at least entitled to a new trial because the charge of the court quoted above presented to the jury the issue of the actual condition of plaintiff's mare rather than the question of whether the conduct of defendant in refusing to consent to the mare's destruction was unreasonable.

■ Defendant admits that the clause requiring its consent to destruction is not to be read as absolute. See, Wilson v. Hartford Livestock Ins. Co. (5 Cir.) 193 F. (2d) 752. It argues, however, that the policy

should be held to allow destruction of the insured animal without the consent of the insurer only when the animal is in acute pain immediately following an accident and it would be inhumane to wait for the approval of the insurer.

Although the condition of the mare was never referred to by any witness as "acute" but rather as "chronic," a jury might well infer from the testimony of Dr. Robert C. Huff, the veterinarian who attended the animal, that its condition was more severe than "chronic" and that she was suffering so intensely that she should have been destroyed for humane reasons.

The veterinarian testified in part as follows:

"Q. And what were your conclusions and recommendations based upon your examinations you conducted?

"A. Well, my recommendation was that she be destroyed for humane reasons because she was suffering and I didn't see any practical means of relieving the suffering for any practical length of time, and I thought it would be a matter of, if 9 years had gone by—I mean 9 months had gone by and there had not been any improvement the best prognosis I could make would be a year and a half before you could expect any improvement and then very doubtful if you would get it."

In addition the trainer of the mare testified that the animal was in constant pain during the last month of her life.

Webster's New International Dictionary (2 ed.) (1950) p. 28, defines "acute" as follows: "Acting keenly on the senses; sharp; keen; intense; as, *acute* pain."

Defendant claims that it was entitled to judgment as a matter of law. In support of this proposition, defendant cites a number of cases, including Donnelly v. Underwriting Members of Lloyd's, 51 Cal. App. (2d) 739, 117 P. (2d) 419; Tripp v. Northwestern Live Stock Ins. Co. 91 Iowa 278, 59 N. W. 1; Abraham v. Insurance Co. 117 Vt. 75, 84 A. (2d) 670, 29 A. L. R. (2d) 783; and Wilson v. Hartford Livestock Ins. Co. *supra*. We have examined these cases and it is our opinion that no general rule is imposed in any of them which would require plaintiff to prove that destruction immediately after the accident was necessary.

While a policy of the kind involved here does not permit destruction of an animal without the consent of the company, except for a fracture as set forth in the policy, the consent cannot be withheld arbitrarily and destruction without consent will not preclude recovery where a jury finds that the animal's suffering had become so great that it would have been inhumane to permit it to live. See, Rosen v. Underwriters at Lloyd's of London (E. D. Pa.) 100 F. Supp. 825. Where there is time, of course, the insurer must be given an opportunity, as it was here, to inspect the animal and either give or withhold its consent. But irrespective of whether the company had an opportunity to inspect, if the jury finds destruction was necessary as a humane act, the failure to consent is arbitrary and will not be a bar to recovery.

■ We have carefully examined the entire charge of the trial court and are of the opinion that the charge correctly states the law.

The only objection to the instruction that might have been made, in view of the exception in the policy,[2] is that after properly stating the rule, the court went on and said, "the advice of the veterinarian was that for humane reasons and because in his opinion the mare had sustained such a permanent and incurable injury as to render her useless for any purpose and that she should be destroyed." However, use of the conjunctive "and" preceding this statement ties it in with the prior part of the sentence, which requires a finding that the mare was injured in such a manner as to cause a high degree of pain and suffering which would to a reasonable certainty continue for such a long time as to make it inhumane to keep the mare for further treatment. The objectionable statement is also followed by a correct statement of the law that the destruction must be due to the pain and suffering, rather than to the fact that the mare had been rendered useless. Viewing the instruction in its entirety, it cannot be said that the jury would be misled by the objectionable part of the sentence. If the quoted sentence had followed the disjunctive "or" instead of the conjunctive "and," clearly it would be reversible error.

The instructions must be viewed in their entirety. Cohen v. Hirsch, 230 Minn. 512, 42 N. W. (2d) 51. If this is done it would seem that

---

[2]See footnote 1, *supra.*

the court correctly submitted the case to the jury on the basis of injury causing pain and suffering that would make it inhumane to permit the mare to live.

Affirmed.