YELLOW TAXI COMPANY OF MINNEAPOLIS v. TOM
MacMILLAN AND ANOTHER.

169 N. W. (2d) 8.

June 13, 1969—No. 41542.

*King, MacGregor & Lommen* and *Norman W. Larsen,* for appellants.
*Larkin, Hoffman, Daly, Lindgren & Danielson, A. W. Danielson,* and
*Patrick J. Delaney,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank
T. Gallagher, JJ.

PER CURIAM.

The matter here for review is a decision of the trial court finding defendants, Tom MacMillan and Rauenhorst Construction, liable to plaintiff for the sum of $1,198.29 for damages which occurred to plaintiff as the result of a multiple-car collision on Interstate Highway No. 494 between Xerxes and Penn Avenues in Bloomington.

Defendant MacMillan entered the freeway from France Avenue at about 5:30 in the afternoon on October 3, 1966, at a time when it was drizzling and the highway was wet. He had proceeded a short distance when his automobile went into a skid, turned around, and stopped, facing oncoming traffic in the inside lane against the median barrier. Although his car was still operative, he got out, surveyed the damage, returned to his car, and remained with his headlights on, facing oncoming traffic for several minutes without attempting to move out of the passing lane. He testified that during this interval the traffic was not so heavy that he could not have turned around with safety.

The driver of plaintiff's vehicle, Phillip Flom, was proceeding in an easterly direction on Highway No. 494 when he saw the lights of defendant's car several car lengths ahead of him. Immediately ahead of Flom was an unidentified blue car which was following a car driven

by one Nancy Nelson. As Flom approached defendant, the brake lights of the Nelson car indicated it was suddenly slowing down. Flom thereupon turned plaintiff's vehicle to the right, struck another car in the adjacent lane, caromed into a tractor-trailer in the next lane, veered back across the highway to his left and collided with Miss Nelson's car causing the damage for which recovery is here sought.

The trial court, hearing the case without a jury, found that defendant MacMillan was negligent in losing control of his car so that it spun and collided with the guardrail. In an accompanying memorandum the court made the following observation with which we are in accord:

"In this day and age, with high speed traffic driving along a freeway, it would occur even to the most naive driver that to cause an obstruction in any of the lanes, especially the high speed lane, would result in a chain of accidents of cars traveling behind."

Defendants argue that there was no evidence of their driver's negligence except the skidding which in itself does not support a finding of liability, citing Cohen v. Hirsch, 230 Minn. 512, 42 N. W. (2d) 51; Thompson v. Peterson, 235 Minn. 142, 50 N. W. (2d) 53; and Yurkew v. Swen, 252 Minn. 277, 89 N. W. (2d) 723. In addition, defendants contend that notwithstanding MacMillan's own negligence, the negligence of other drivers in the collision intervened and was a superseding cause which insulated defendant's negligence, citing Geisen v. Luce, 185 Minn. 479, 242 N. W. 8; Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788; and Sims v. Hallett Const. Co. 247 Minn. 339, 77 N. W. (2d) 54.

Whether MacMillan's skidding resulted from negligence was a fact question. There was evidence to support the court's decision. Svercl v. Jamison, 252 Minn. 8, 88 N. W. (2d) 839. The same may be said of the issue of superseding cause which the court could have decided either way. Kroeger v. Lee, 270 Minn. 75, 78, 132 N. W. (2d) 727, 729; Cahill v. Peterson, 277 Minn. 26, 31, 151 N. W. (2d) 258, 261. On this record we are not disposed to disturb its findings. The judgment is therefore affirmed.

Affirmed.