■ LARRY MONTGOMERY, an Infant, by His Mother and Natural Guardian, LAURA H. MONTGOMERY, et al., Respondents, v. ESMERALDO RAMOS, Defendant. DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant.— Order, Supreme Court, Bronx County, entered on or about June 19, 1973, vacating appellant's lien, unanimously reversed, on the law, without costs and without disbursements, the motion denied, the vacatur of the lien stricken and the case remanded to Trial Term, Supreme Court, Bronx County, for further proceedings consistent herewith.. The infant son of an indigent widow was struck by an uninsured vehicle. The expenses of his care in a city hospital, allegedly aggregating $2,152.32, were paid by the city under the Medicaid program. An action brought by the mother and on behalf of the infant was settled at a pretrial conference for the sum of $9,000. Thereafter, the infant's counsel was notified of appellant's lien claim. Respondents' motion to vacate the lien was granted below on the ground that it was not enforceable against the infant's recovery. We have taken note of the conflicting lower court decisions interpreting subdivision 2 of section 104 and section 104-b of the Social Services Law (see, e.g., *Praylow* v. *Maklansky,* N. Y. L. J., April 2, 1974, p. 17, col. 4 and cases cited therein). However, we believe resolution of the question may depend on whether or not the settlement included reimbursement for medical expenses incurred. The record before us does not disclose such fact. Accordingly, we remand for a review of the settlement proceedings, at which time the reasonableness of the asserted lien may also be determined. Concur — Markewich, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

■ ARNO SCHEFLER, Appellant, v. LIVESTOCK & CASUALTY INSURANCE COMPANY, Respondent.— Judgment, Supreme Court, New York County, entered on December 13, 1972, dismissing the complaint at the close of plaintiff's case, unanimously reversed, on the law, the judgment vacated, with $60 costs and disbursements to abide the event, and a new trial directed. In this action to recover $25,000 for the breach of a livestock policy, the Trial Justice dismissed the cause of action at the close of the plaintiff's evidence. The policy had insured the plaintiff against the loss of a thoroughbred horse by death resulting from natural causes, illness or disease, including loss caused by intentional destruction for humane reason upon the defendant insurance company's consent. The horse developed a condition known as "wobbles", which necessitated its destruction. But the defendant insurance company withheld consent for the destruction of the animal. In our view, the Trial Justice erred in dismissing the complaint. In every contract there is implied a requirement of good faith, and the respondent could not unreasonably withhold its consent to the destruction of the horse for humane reasons. The issue of the reasonableness of the withholding of consent was a matter for the jury and not the Trial Justice. *Butler* v. *Hartford Live Stock Ins. Co.,* 261 Minn. 293; *Live Stock Ins. Assn.* v. *Edgar,* 59 Ind. App. 489; *Klopp* v. *Bernville Livestock Ins. Co.,* 1 Woodward Dec. 445. [Pa., 1866].) Furthermore, it is the law in New York that a party, on whom depends a condition precedent, who actively hinders or prevents its occurrence, cannot rely on the failure of the condition. (See *Amies* v. *Wesnofske,* 255 N. Y. 156.) The assessment of the conduct of respondent was clearly a matter for determination by the jury. We also observe in respect of the interlocutory order brought up for review, which we now affirm, that this order correctly denied plaintiff's motion for summary judgment, in view of the issue of fact as to whether the respondent was unreasonable in the withholding of its required consent to the destruction of the horse, insured against intentional destruction for humane reasons. Concur — McGivern, P. J., Markewich, Nunez, Tilzer and Lane, JJ.