■ EDWIN CRUZ et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—Order, Supreme Court, New York County, entered on July 22, 1974, affirmed, without costs and without disbursements, on the opinion of Spiegel, J., at Trial Term. Concur—Stevens, P. J., Tilzer, Lane and Nunez, JJ.; Murphy, J., dissents in the following memorandum: At issue, once again, is the still unsettled question involving the allowability of a lien filed by the Department of Social Services upon an infant's compromised recovery in a negligence action (see, e.g., *Montgomery v Ramos*, 44 AD2d 811; *Baker v Sterling*, 47 AD2d 514; *Marsh v La Marco*, 46 AD2d 888; *Praylow v Maklansky*, NYLJ, April 2, 1974, p 17, cols 4–5.) In the instant case, Trial Term vacated the lien because the infant was not a recipient (but only a beneficiary) of public assistance (Social Services Law, § 104-b; *Galante v Doe*, 68 Misc 2d 295), the settlement did not include reimbursement for medical or hospital expenses *(Montgomery v Ramos*, 44 AD2d 811, *supra)* and because it would be "inhumane and unsound" to further invade the infant's limited net recovery. I disagree with such holding. Initially, Trial Term's determination that the infant is not a recipient of public assistance was impliedly rejected by us in *Montgomery* and *Baker, supra,* and flatly rejected by the Second Department in *Marsh v La Marco* (46 AD2d 888, *supra.)* Moreover, its reliance on *Montgomery* for the establishment of a rule that settlements which do not include reimbursement for medical and hospital expenses precludes consideration of valid and reasonable liens is, in my view, misplaced. In *Montgomery,* the infant's counsel was notified of the lien claim about 10 days *after* the case had been settled. We remanded for a review of the settlement proceedings in order to determine whether such settlement included any reimbursement for hospital expenses and the reasonableness of the asserted lien. (See, also, *Baker v Sterling,* 47 AD2d 514, *supra.)* It was my impression that *Montgomery* was remitted solely to

afford all of the parties involved, including the lienor, an opportunity, under the generally prevailing practice in the courts below, to work out an amicable settlement fair to all parties including, as is customary, a possible reduction of the amount of the lien. Indeed, appellant herein has now advised us that the total amount of the lien in *Montgomery* was reduced from $2,152.32 to $1,324 after remand. *Montgomery* should not be construed as a license to avoid payment of a fair lien by the simple device of earmarking all of the settlement proceeds as compensation for the infant's pain and suffering. If an equitable compromise cannot be reached, then the only solution is a plenary trial. Finally, in light of the fact that one third of the infant's $15,000 recovery was awarded to counsel, I find little legal merit in the emotional statement by the court below that "If the Social Services Department deprives him of the bulk of his recovery the infant will encounter increased difficulty in his projected struggle to gain a useful place in society." In such connection, it may be noted that, conceding the infant's impoverished background, statutes such as section 104-b of the Social Service Law reach proceeds "which have more or less the character of 'windfalls'—at least in the sense that such acquisitions do not result from purposeful efforts to 'attain or retain capability for self-support or self-care.' 42 U.S.C. § 1351." *(Snell v Wyman,* 281 F Supp 853, 867, affd 393 US 323.) Accordingly, the order appealed from should be reversed, appellant's lien reinstated and the case remanded for appropriate further proceedings consistent herewith.