Nathan R. Sobel, S.
Although the amounts involved are small, this proceeding by the widow administratrix for permission to compromise an action for wrongful death raises issues as to the right of the Department of Social Services (Department) to recover for medical assistance (MA) rendered to the decedent after his accident. This is a recurring issue which requires discussion and determination.
Decedent Israel Rios was seriously injured in an automobile accident on October 14, 1973. He died as a result of his injuries three months later on January 18, 1974. During the 3-month interval between injury and death he received MA in an enormous amount (not stated).
Because of the limitations in the coverage, the attorneys are required to settle his combined causes of action and the court compelled to approve the compromise for a total of $9,000. The court allocates $3,000 of the settlement to the personal injury cause and $6,000 to the wrongful death cause. The $3,000 is payable to the estate and the $6,000 to decedent’s distributees, his widow and two infant children ages 3 and 5.
(I)
The Department has no right to recover for MA or any other category of assistance against the proceeds allocated to the wrongful death cause. Such proceeds "are exclusively for the benefit of the decedent’s distributees * * * in proportion to the pecuniary injuries suffered by them” (EPTL 5-4.4, subd [a], par [1]). Such proceeds are not available to the creditors of the decedent including the Department as such creditor. (Matter of Schwabacher v International Salt Co., 272 App Div 173, affd 298 NY 726; Matter of Maynard, 37 Misc 2d 184 and cases cited.) And, since the widow had never for herself or her children been a recipient of any kind of assistance, the claim of the Department could not be enforced against her share of the proceeds of the wrongful death recovery.
(II)
The issue is whether the Department may recover for MA from the estate of the recipient. The widow administratrix assuming that such right exists has offered to pay the Department $3,000 in settlement of its claim for MA. This would be the entire proceeds allocated to the personal injury cause without deduction for administration expenses.
*439 This court at considerable length recently discussed this problem. (Matter of Colon, 83 Misc 2d 344.)
MA as a Federally assisted program was adopted in New York in 1966 (L 1966, ch 256). It is helpful to consider that the Federal program was purposed to assist the "medically indigent” and not solely the totally impoverished.
Congress had severely limited the circumstances under which a Department could recover for MA correctly paid. (US Code, tit 42, § 1396a, subd [a], par [18].) In order to qualify New York enacted section 369 which incorporated in the Social Services Law substantially verbatim the limitations in the above-cited Federal statute.
In substance section 369 provided (1) that no recovery could be had for MA correctly paid from any living recipient, and (2) that no recovery could be had for MA correctly paid from the estate of a deceased recipient unless the recipient was over 65 during the period of assistance and then only if he left no surviving spouse or minor children. Decedent Israel Rios was under the age of 65 while he was receiving MA and as observed he left a surviving spouse and infant children.
Under section 369 as originally enacted (L 1966, ch 256, § 3, eff April 30, 1966) the Department had no right of recovery from the estate of Israel Rios for MA correctly paid to him as a recipient.
However in the same year of its enactment, section 369 was amended (L 1966, ch 800) to add an additional paragraph: "Nothing contained in this subdivision shall be construed to alter or affect the right of a public welfare official to recover the cost of medical assistance provided to an injured person in accordance with the provisions of section one hundred four-a [now § 104-b] of this chapter.”
This paragraph is on its face a violation of the Federal statute (US Code, tit 42, § 1396a, subd [a], par [18]) which was purposed to severely limit (with exceptions discussed) the right of recovery for MA correctly paid.
In support of the later 1966 amendment which added the above-quoted exception to section 169, the State Department of Social Services informed the Governor that the amendment was purposed to eliminate an "ambiguity” by making it clear that the "no lien” provision of section 369 would not prevent the Department from recovering under section 104-b "the cost of medical assistance provided to an injured person”. The *440 memorandum to the Governor added that the proposed amendment was submitted to and approved by the Federal department (Department of Health, Education and Welfare) [DHEW]) provided the amendment was— "limited to the recovery of the cost of medical assistance for personal injuries with respect to which a recipient has a right of action and limited only to medical assistance provided on account of such injuries”.
Congress, as noted, had been unwilling to allow any recovery for MA correctly paid from any living recipient under any circumstances and from the estate of a deceased recipient only under limited circumstances.
Section 104-b of the Social Services Law is a lien statute applicable solely to recoveries in personal injury actions. It authorizes a department lien against such recovery. However the lien includes not alone the amount paid for MA resulting from the accident but includes also the amount of any type of public assistance received by the recipient because of and even after the accident.
DHEW in order to stay within the Congressional intent was willing to go so far and no further: — First, the recovery from the personal injury was not to exceed the cost to the Department of MA paid "on account of such injuries” resulting from the accident: Second — and clearly implied — recovery for the MA resulting from the accident could be had only if in fact the cost of such MA was included in the recovery. (Cf. Montgomery v Ramos, 44 AD2d 811; Marsh v La Marco, 46 AD2d 888; Cardona v Goudot, 79 Misc 2d 139; Cruz v New York City Tr. Auth., 78 Misc 2d 568.)
If Mr. Rios, or his estate after his death, had recovered by verdict or settlement the cost of MA paid by the Department on his behalf during his three months of hospitalization, surely the Department under section 369 (subd 1, final par) should be permitted to recoup its cost.
Quite obviously however the cost of MA was not included in the settlement of $9,000 for personal injuries to and for causing the death of this steadily employed young father and husband.
The Department may not recover from the estate of the recipient Israel Rios.
Allocation of the proceeds of the settlement of $9,000 is made by separate decision.