OPINION OF THE COURT
Robert A. Harlem, J.
The defendant seeks summary judgment or dismissal of the complaint for failure to state a cause of action. The plaintiff cross-moves for summary judgment.
The action is brought to enforce a lien against a portion of the proceeds of the recovery in a personal injury action. The lien is claimed under Social Services Law § 104-b.
Freda Seward was injured in an automobile accident on February 7, 1982. A verdict in the sum of $52,500 was awarded to her. From the date of the accident until February 16, 1984 she received $10,252.75 in medical assistance (MA) through the Delaware County Department of Social Services. A lien was filed by the agency on or before February 24, 1984.
This action was commenced on September 7, 1984. Freda Seward died on September 24, 1984, and her estate has been substituted as a defendant.
It should also be noted that Freda Seward was over the age of 65 years when the medical assistance was provided, and that she died leaving no surviving spouse, infant children or blind or disabled offspring.
Social Services Law § 104 permits a public welfare official to bring an action against the recipient of assistance or the estate of the recipient to recover the cost of such care which was rendered in the preceding 10 years. Section 104-b of the same law permits the assertion of a lien by the public welfare official upon the proceeds of any settlement or other recovery upon a claim or cause of action for personal injuries suffered by the recipient.
Social Services Law § 369 limits the right to recover for medical assistance which has been provided. Social Services Law § 369 (1) (a) prohibits the assertion of a lien against the property of any individual prior to death on account of medical assistance paid. Paragraph (b) of subdivision (1) directs that no adjustment or recovery may be had for medical assistance properly paid, except from the estate of an individual who was 65 years of age or older when the assistance was received, and then only after the death of the surviving spouse of such person, if such death occurred with no surviving child *742 under age 21 or blind or permanently and totally disabled offspring.
Social Services Law § 369 further provides that the language of that section should not be construed to alter or affect the right of a social services official to recover the cost of medical assistance provided to an injured person under Social Services Law § 104-b.
It is generally recognized that Social Services Law § 104 spells out the right and authority of a public welfare official to seek to recover for public assistance granted. Section 104-b of that title permits the imposition of a lien on a personal injury action, and is recognized as a mechanism to facilitate the recovery authorized by section 104. This was noted in Baker v Sterling (39 NY2d 397, 405) and in Matter of Colon (83 Misc 2d 344).
It would appear that the parties to this action are in agreement that Social Services Law § 369 is not controlling in this case, since Freda Seward was over 65 when the medical assistance was provided, and she died without leaving a spouse, minor child or blind or disabled offspring.
The defendant cites Matter of Rios (84 Misc 2d 437) as authority for the denial of the relief sought by petitioner. The determination made therein is totally foreign to the issues presented in the instant matter. In Rios (supra) the decedent left a wife and two infant children, thus bringing the matter squarely within Social Services Law § 369. Judge Sobel, in addressing the issues in the Rios matter, did discuss the history of the last paragraph of Social Services Law § 369 (1) (b) wherein the Department of Health, Education, and Welfare made the observation that the continuance of a lien for medical assistance upon a recovery in a personal injury action would be limited to the amount recovered in that action or to the amount of medical assistance provided on account of the injuries which were suffered. Defendant seizes this rationale to support the position that the plaintiff can only seek to recoup that portion of medical assistance which was provided for the treatment of the injuries suffered and for which there was a recovery in the personal injury action. Such an argument would be meaningful except that it lacks certain essential underpinnings.
It has been recognized that the recovery of medical assistance paid to someone who was injured in an accident is not limited to assistance which was provided for the treatment of *743 those injuries (see, Borsman v Mannix, 46 AD2d 885, 886). It then is obvious that the plaintiff can recover for all medical assistance which was provided Freda Seward regardless of whether the expense was related to treatment of conditions stemming from the accident. Social Services Law § 369 does not limit that right of recovery in the circumstances presented here. The last paragraph of Social Services Law § 369 (1) (b) permits the continuance of a lien as authorized by section 104-b of that title. Inasmuch as Social Services Law § 369 by its language does not restrict the right of recovery from an estate, the broader language of section 104-b of that title would apply without modification by any other language of section 369.
It is thus concluded that the assertion by the plaintiff of its right to recover for medical assistance is defenseless and summary judgment is granted to the plaintiff in the amount of $10,252.75 with interest thereon from the dates when the assistance was provided.
Counsel for the plaintiff shall submit an order in conformity herewith, without motion costs.