HARRY P. HAMMOND AND ANOTHER v. MINNEAPOLIS
STREET RAILWAY COMPANY AND ANOTHER.

101 N. W. (2d) 441.

February 11, 1960—No. 37,875.

*Feidt, Welsh & Lommen,* for appellants.
*Dorfman & Rudquist* and *David McGannon,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from order of the district court denying defendants' motion for judgment notwithstanding the verdict or for a new trial.

The action was commenced by Fay V. Hammond for personal injury, and by Harry P. Hammond, her husband, for derivative damages, resulting from an accident wherein the car which she was driving was struck from behind on October 25, 1956, at about 5 p. m., by a bus owned by defendant bus company and driven by defendant Henry N. Williams, Jr.

According to plaintiff driver, she was proceeding south across the Third Avenue bridge in Minneapolis. She intended to turn right at the intersection after crossing the bridge so she proceeded into the lane nearest the right. A long line of cars stopped in her lane and she brought her car to a stop one car length behind the last car in the line ahead. She believes she never exceeded 10 miles per hour after she got on the bridge. After being stopped "quite a little while," her car was struck from the rear by the bus, causing the alleged injury.

According to the bus driver, he was crossing the bridge in the right-hand lane at a speed of between 15 and 20 miles per hour, or probably slower. It had rained off and on all day and the streets were wet. The line of traffic ahead was approximately two bus lengths, or 80 feet, in front of the bus and the traffic was moving on his left. He testified: "Traffic ahead of me stopped, I could see it stopping, and I applied my brakes. As soon as I applied my brakes, I felt the front wheels go and immediately I looked to my left to see if I could get out. I couldn't get out. I went to the right, to the railing. I looked up and there was a car right in front of me. I cut toward the inside of the car, between the car and rail, and that is where I ended up." He said that he struck the rail first and slid off right into the side of the plaintiff's car; that the back end of her car was 4 or 5 feet out from the rail; and that the bus had skidded approximately 60 feet. He explained that he had hoped to slow the bus to a stop by contacting the rail of the bridge.

A passenger seated on the front seat of the bus testified that he had observed the accident. It was not raining hard but it was more of a drizzle and the streets were slippery. There was at least one bus length

between the rear of the auto on the end of the line of traffic and the front of the bus. He said the bus was proceeding between 10 and 15 miles per hour; plaintiff's car turned to the right in front of the bus; and, as the traffic ahead of it came to a stop, plaintiff's car came to a normal stop behind the traffic in the right lane. The bus then started to skid, hit the guard rail about 10 feet or so behind the car, bumped the car, and came to a stop against the guard rail.

Defendants conceded upon oral argument that on the record negligence was a fact question for the jury. Therefore, the only issue to be decided by this court is whether the trial court erred in refusing to grant the following instructions requested by the defendants:

"In this case there is evidence that the bus skidded. The evidence that the bus skidded, standing alone, is not evidence of its negligent operation, because skidding or sliding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. But if such skidding could have been prevented by the exercise of the care required in this case then it may be considered by you as evidence of negligence. It is for you to say from all the evidence here whether the defendants' bus was operated in such a way as to negligently cause or contribute to the skidding and happening of the accident. See 230 Minn. 513 and 514.

"Or, alternatively

"The mere skidding of a vehicle is not an occurrence of such uncommon or unusual character that, unexplained, it can be said to furnish evidence of negligence in its operations. (Refused.)"

■ Clearly it is a correct proposition of law that the proof of the skidding of a vehicle is not sufficient evidence of negligence to cast upon the defendant the burden of establishing that he was not negligent. Cohen v. Hirsch, 230 Minn. 512, 42 N. W. (2d) 51. In other words, "The mere skidding of a motor vehicle does not of itself prove negligence of the driver. All the circumstances must be taken into consideration." King v. Wolf Grocery Co. 126 Me. 202, 204, 137 A. 62, 63.

■ It is also clear that a party is entitled to an instruction based upon his theory of the case if there is evidence to support it. Luther v. Standard Conveyor Co. 252 Minn. 135, 89 N. W. (2d) 179. However,

plaintiffs rely on the fact that it is also well established that a special requested instruction setting forth a litigant's theory of a case may be denied if the substance of it is adequately covered by the charge as a whole. Floen v. Sund, 255 Minn. 211, 96 N. W. (2d) 563; Fenton v. Minneapolis St. Ry. Co. 252 Minn. 75, 89 N. W. (2d) 404; Markle v. Haase, 245 Minn. 520, 73 N. W. (2d) 362.

Plaintiffs contend here that the charge as a whole would convey to the jury a clear and correct understanding of the law and rely substantially on the following quotation from the charge to support their position: "Negligence is not presumed, and the mere happening of an accident does not of itself create liability. To create liability on the part of these defendants, you must find that the defendant driver at the time of the event was negligent, and that such negligence was a proximate cause of the collision, the resulting damage and injury of which each plaintiff complains." Plaintiffs also state that the jury was instructed that the negligence must be established by a preponderance of the evidence and that in determining whether there was negligence, it was to consider all surrounding circumstances, including weather conditions and the condition of the road surface.

We cannot agree with plaintiffs' position. Certainly the jury was not instructed expressly as to the rule of law with regard to skidding and nowhere can we find the rule by implication. It is, therefore, our opinion that the trial court committed prejudicial error in failing to give the requested instruction since it was material to the defendants' theory of the case and was not conveyed to the jury in the charge as a whole. Accordingly, the order appealed from is reversed.

Reversed and new trial granted.