ELSIE HORNOF AND OTHERS v. RICHARD
KLEE AND OTHERS.
W. TARUTIS, ADMINISTRATOR OF ESTATE OF
RICHARD KLEE, APPELLANT.

106 N. W. (2d) 448.

December 2, 1960—No. 38,017.

*W. Tarutis,* pro se, for appellant.
*Thomas M. Hilligan,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the district court.

Plaintiffs, owners of certain real estate in Beltrami County which adjoins defendants' land, seek a determination that they are owners of a right-of-way easement over defendants' land and they also seek a permanent injunction to prevent interference with the easement by defendants.

Defendants answered and counterclaimed for money damages for trespass, claiming that plaintiffs' use of the roadway was permissive as licensees.

The court submitted to the jury the question of whether plaintiffs had an easement by prescription over the roadway on defendants' land, instructing that if it found that plaintiffs had acquired such an easement the verdict should be for the plaintiffs. The jury returned a verdict for the plaintiffs and one defendant, hereafter referred to as the defendant, appealed.

Upon appeal the defendant raises several legal issues and assignments of error. We shall consider the ones which we deem pertinent for a determination of this case.

■ This action for a declaratory judgment was triable by the court. It is defendant's position that the court, with the consent of the parties, submitted all fact questions to the jury and that the jury returned a general verdict. He contends that the effect of this was to make the verdict binding upon the court, the same as if the trial by jury had been a matter of right, and that the trial court erred in making findings of fact thereafter.

In that connection, the court made findings of fact as to the ownership of the lands of the plaintiffs and defendants; as to the existence of a public roadway running north and south and bordering defendants' property on the west; as to the continuous use since 1920 that plaintiffs and their predecessors in title had made of their property; as to the adverse use by plaintiffs and their predecessors in title of the roadway across defendants' property for more than 15 years subsequent to 1928 and prior to the commencement of this action; as to the width of the road involved; as to the maintenance and repairs of the road by plaintiffs and their predecessors in title during the years;

and as to the obstruction of the use of the roadway commencing in 1954 by the defendants.

Rule 39.02 of Rules of Civil Procedure is cited by defendant as controlling. It provides as follows:

"In all actions not triable of right by a jury the court, upon motion or of its own initiative, may try an issue with an advisory jury, or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

Defendant argues that the court and the parties consented within the meaning of Rule 39.02 to the submission of all fact issues to the jury. He points out that the court charged the jury as follows:

"* * * you are the exclusive judges of the facts, of what is true or false in the evidence, and what of the ultimate facts are established by it. In determining what the facts are, what the evidence has established, you will be guided by the rules now about to be given you, and to the facts which you find you will apply the legal principles which I shall tell you are applicable, and in accordance therewith arrive at your verdict."

He contends that the consent of the court is found in the above charge in the following introduction to its findings:

"And the Court having submitted all disputed issues of fact to the jury for its determination and the jury having * * * returned a verdict on all disputed issues of fact in favor of plaintiffs."

Defendant further contends that the consent of the plaintiffs is found in their failure to object at the conclusion of the court's charge to the jury and that the fact that this was a general verdict instead of a special verdict is demonstrated because the court instructed the jury on the law whereas in a special verdict this is not done. He argues that after the recording of the general verdict of the jury the court had no right to make and enter its own findings of fact and conclusions of law determining the same disputed questions of fact previously adjudicated by the general verdict, nor to make additional findings and conclusions without notice to the parties which would afford them

the opportunity to present evidence. Defendant claims that the court made no reservation that the jury was an advisory one, nor did it reserve the right to adjudicate further upon any issues of fact.

While plaintiffs agree that Rule 39.02 is determinative of this issue, they contend that nowhere in the record does it appear that plaintiffs ever consented to a trial of the entire case to a jury, either by express agreement or impliedly, and that it is an unwarranted assumption that the court submitted the entire case to the jury for a general verdict. It is their position that only one fact question was submitted to the jury, and that in an advisory capacity, namely, the question of adverse user.

The Honorable D. H. Fullerton, before whom the case was originally tried, died before defendant's alternative motion for judgment notwithstanding the verdict, for amended conclusions of law, or for a new trial could be heard. His successor, the Honorable John T. Galarneault, denied defendant's motions and said in effect in his memorandum that this case was a typical court case and should have been tried to the court without a jury, but that the court had a right to submit certain fact issues to the jury. The judge then went on to say:

"* * * This the court did by its charge in this case which was in effect an interrogatory to the jury on the adverse user issue, which was the real fact issue in this case.

"After the verdict was received the court in fact accepted their finding of fact as its own and made other findings of fact which it alone could make for all practical purposes. With the one exception of adverse user, it would have been very difficult indeed to have submitted the other issues to a jury.

*     *     *     *     *

"There was a distinct fact issue as to adverse user, and that question could very easily have been decided either way. The jury and the trial court on ample evidence permitting the same have found against the defendants on that crucial issue, and the court can see no substantial reason impelling it to interfere with the verdict of the jury and the findings of the trial court.

"The same applies to the other findings of fact of the trial court."

The case is unique in that the judge who tried the case did not thereafter act on the motions. If he had, he would have undoubtedly explained and clarified the disputed issue.

It will be a simple matter in the future to avoid a situation similar to the one before us. To make it clear as to whether the requirements of Rule 39.02 have been complied with, all that is necessary is that the record show whether the court upon motion or of its own initiative tried an issue with an advisory jury or whether the court, with the consent of both parties, ordered a trial with a jury whose verdict would have the same effect as if the trial by jury had been a matter of right.

Here, plaintiffs resisted a motion for a directed verdict and stated:

"* * * in so far as its declaratory judgment action defendant is not entitled to a general jury verdict. I move the Court submit only such facts to the jury as are necessary to assist the Court in drawing the final findings of fact and conclusion of law."

The foregoing is inconsistent with any conclusion that plaintiffs consented to be bound by the jury verdict.

It is our opinion under the record here that there was not the requisite consent contemplated by Rule 39.02 to give the verdict the same effect as if trial by jury had been a matter of right. Consequently, the jury was used in an advisory capacity and only with respect to the adverse user issue. This is substantiated by the court's instruction to the jury as follows:

"If you find that the plaintiffs have acquired an easement by prescription over the roadway here involved, that is, if you find the plaintiffs have proved that the use by plaintiffs of said road for 15 years continuously and that such use was open or apparent and adverse, that is inconsistent with ownership of said road by the defendants, then your verdict should be for the plaintiffs. If you do not find the plaintiffs have acquired such easement, then your verdict should be for the defendants."

It was a fact issue; the jury found for the plaintiffs; and the court adopted the verdict in its findings. In our opinion the finding is sustained by the evidence.

144

■  Defendant contends that the court erred in excluding certain testimony of a witness as contravening Minn. St. 595.04 pertaining to conversations with deceased persons.

Helen Klee Pieran, a daughter and beneficiary under the will of Richard Klee, deceased, whose administrator is the defendant, was asked on direct examination about a conversation many years before the trial with one Emil Hornof, plaintiffs' predecessor in title. It appears that Mr. and Mrs. Hornof were visiting the Klees, parents of the witness, sometime in 1932, more than 25 years before the trial. The witness claimed that she was later walking part way home with the Hornofs and that Emil said, "I am glad your father is still letting me use his land and the road." At one point the witness testified that the conversation occurred at the meeting at which her father and Hornof were present, and later she did not remember whether it related to a discussion at which her deceased father had been present. In any event, plaintiffs objected and asked that the statement be stricken on the grounds that it was inadmissible under the statute. At first the court overruled the objection, whereupon there was an immediate discussion at the bench, and the court ruled, "The objection is sustained as to the conversation that occurred between the witness and Mr. Hornof on the way home." The court then ordered that the answer be stricken and disregarded.

It is our opinion that there was no reversible error on the final ruling of the trial court. In the light of the remoteness of the purported conversation and the confusion as to whether or not it arose out of a discussion in which the witness' deceased father was present, it appears to us that it was within the discretion of the court to rule as it did. Even though defendant may argue that an error occurred, any possible prejudice was cleared immediately afterwards when the same witness testified that, "I asked Mr. Hornof why he had not brought the buyer to our home, and he said, 'I don't want your father to sell his land because the new owner might not let me use the road.' " Where excluded evidence is merely corroborative of other evidence admitted in the case, prejudicial error does not result. See, Sullivan v. Joint Independent Consol. School Dist. No. 102, 251 Minn. 378, 88 N. W. (2d) 1; 14 Dunnell, Dig. (3 ed.) § 7181.

In considering other assignments of error raised by the defendant in connection with his claims that the court erred in denying defendant's motion for directed verdict, in failing to give certain requested instructions, and in its rulings as to the admission of other testimony, it would serve no useful purpose to go into a detailed review of these objections as we are satisfied that no reversible error occurred. It is our opinion that there was evidence to sustain the court's findings of fact and conclusions of law; that they were not contrary to law; and that the judgment should be affirmed.

Affirmed.