CLEO OLDENDORF AND ANOTHER v.
CLIFFORD O. EIDE.

110 N. W. (2d) 310.

July 21, 1961—Nos. 38,022, 38,023.

*Hale, Skemp, Hanson, Schnurrer & Skemp* and *Harry H. Peterson,* for appellant.

*Paul B. Cross* and *Clinton J. Hall,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Actions by Cleo Oldendorf and William J. Oldendorf, her father, against Clifford O. Eide for damages arising out of an automobile accident. The cars involved were a 1958 Opel, belonging to William Oldendorf, and a 1959 Chevrolet milk truck, driven by and belonging to Eide. At the time of the accident the Opel was being driven by Cleo Oldendorf, the daughter of William, who occupied the rear seat thereof. Mrs. Frieda Cordes, another passenger, occupied the right front seat next to Cleo.

The accident occurred about 10:20 a. m. Sunday, February 1, 1959, at the intersection of State Trunk Highway No. 43 and an unnumbered township road in Winona County. At this intersection Highway No. 43 extends generally in a northerly and southerly direction, while the township road extends generally easterly and westerly. The southwest angle formed by the intersection is less than 90 degrees.

Just prior to the accident the Opel was traveling on State Highway No. 43 approaching the intersection from the south, while the Chevrolet truck, traveling on the township road, approached it from the west. There was snow on the ground, but the day was clear and visibility

was good. Highway No. 43 was free of ice and snow but the township road for several hundred feet to the west of the intersection was icy and slippery. Highway No. 43 is a through blacktopped road with shoulders on both sides of the blacktop. A highway "stop sign" requires drivers of vehicles on the township road approaching the intersection from the west to stop before entering it. The accident occurred when defendant's truck failed to stop for the intersection but slid into it striking the left side of the Opel as it passed over the intersection with such force that the right front headlight and bumper of the truck broke through to the interior of the Opel striking the left side of Cleo Oldendorf's face, fracturing her jaw and other facial bones, and rendering her unconscious. As a result she had no recollection of the events at the time of the accident or immediately prior thereto.

The jury returned a verdict of $9,500 in favor of Cleo Oldendorf and a verdict of $1,900 in favor of William Oldendorf. These are appeals from orders denying a motion in each case for judgment notwithstanding the verdict or for a new trial. Defendant contends that the court erred (1) in denying his motion for dismissal of plaintiffs' actions based on the ground that the evidence established as a matter of law Cleo Oldendorf's contributory negligence attributable to her father as owner of the car; (2) in refusing to instruct the jury as requested that "the mere skidding of an automobile is not proof of negligence, * * *. It is the law that skidding may occur without fault and when it does occur it might likewise continue without fault for a considerable space and time."

The evidence discloses that prior to the accident defendant had been engaged in picking up milk at various farms along his established milk route. He testified that as he approached Highway No. 43 on the township road he was aware that a "stop sign" at the intersection required him to bring his vehicle to a stop before entering the intersection; that when about 200 feet from the "stop sign" he observed plaintiffs' car approaching the intersection from about 500 feet south thereof; that he applied his brakes and tried to slow down but his truck kept going faster when he applied the brakes; that he tried applying and releasing the brakes, but this did not help; that just before he entered

the intersection he applied the brakes and locked them; and that the truck did not stop but slid into the intersection and struck the left side of plaintiffs' car as it passed over the intersection.

Norlin Wickland, a state highway patrol officer, testified that he had arrived shortly after the collision; and that he had then asked defendant "how come he hadn't slowed down before coming to the stop sign since the condition of the township road was quite apparent several hundred feet back that it was icy, and he should have used caution," and that defendant had replied that "he tried to stop but with the brakes on it seemed like the speed increased." Pictures of the scene of accident taken by this witness revealed that defendant's truck had left unbroken skid marks commencing 8 feet west of the blacktop on Highway No. 43 and actually to the east of the "stop sign" there and continuing therefrom up to the point of impact. From this the jury might infer that defendant had not applied his brakes until he was past the "stop sign" requiring him to bring his truck to a stop before entering the intersection.

■ Clearly the evidence outlined would fall far short of establishing that the driver of plaintiffs' automobile was guilty of negligence as a matter of law. Certainly the evidence would support a finding that she was operating her vehicle at a lawful speed and had made the necessary observations preparatory to entering and crossing the intersection. She had the right to assume that drivers approaching the trunk highway would comply with traffic regulations and stop before entering the intersection and would yield the right-of-way to vehicles traveling thereon. Kraus v. Saffert, 208 Minn. 220, 293 N. W. 253. Nor would the fact that, because of the impact, she could not recall events occurring immediately prior to the accident authorize a nonsuit or directed verdict against her on the issue of contributory negligence. Other witnesses testifying as to her operation of the car, as well as evidence relating to physical conditions and surrounding circumstances, clearly gave rise to a jury question on this issue. LeVasseur v. Minneapolis St. Ry. Co. 221 Minn. 205, 21 N. W. (2d) 522; Foster v. Bock, 229 Minn. 428, 39 N. W. (2d) 862.

■ Defendant asserts the court erred in refusing to give his request-

ed instruction that "the mere skidding of an automobile is not proof of negligence," and that "skidding may occur without fault"; that such instruction embodied his theory of the case and accordingly should have been given. Plaintiffs' claims of negligence did not relate to the fact that defendant's truck had skidded just prior to the impact. Rather they contended that defendant was negligent in (1) failing to keep a proper lookout; (2) failing to keep his truck under control; (3) failing to stop before entering the intersection as required; (4) failing to operate the truck at a reasonable rate of speed under the circumstances; and (5) failing to yield the right-of-way to plaintiffs.

In Cohen v. Hirsch, 230 Minn. 512, 514, 42 N. W. (2d) 51, 52, this court recognized the principle that the skidding of an automobile does not of itself prove negligence, and accordingly upheld an instruction to such effect where it was accompanied by the statement that:

"* * * if such skidding could have been prevented by the exercise of ordinary care, then it is evidence of negligent driving."

In Floen v. Sund, 255 Minn. 211, 96 N. W. (2d) 563, we upheld the trial court's refusal to instruct the jury that "[I]f, because of the highway conditions * * * beyond the control of the defendant he went into skid and without carelessness on his part * * * went to the side of the road, you cannot find him guilty of negligence" because it appeared there that the evidence supporting the defendant's theory was so slight a factor on the issue of negligence that to give the requested instruction would have overemphasized his theory and because the trial court had embodied the same principles in its general instructions. There we stated (255 Minn. 215, 96 N. W. [2d] 567):

"* * * there is no requirement that * * * instructions * * * prepared by counsel must be given in their entirety, and, when they are not completely proper, it is the duty of the court to correct them. * * * there is no reason to give one theory a disproportionate emphasis. * * * it is preferable to 'charge the jury in an orderly, systematic, and consecutive manner in a general charge upon the whole law of the case' * * *.

"* * * To have given all of them would have overemphasized his theory beyond all reasonable bounds. The trial court incorporated their

substance in the charge[1] and in so doing adequately instructed the jury of defendant's position."

In Hammond v. Minneapolis St. Ry. Co. 257 Minn. 330, 101 N. W. (2d) 441, where plaintiff's sole claim of negligence was that defendant's bus skidded into the rear of her car, the court refused to instruct the jury that skidding was not evidence of negligence unless the skidding could have been prevented by the exercise of the care required. In holding that the failure to give such instructions was error, we stated (257 Minn. 333, 101 N. W. [2d] 443):

"* * * a special requested instruction setting forth a litigant's theory of a case may be denied if the substance of it is adequately covered by the charge as a whole. * * *

"Plaintiffs contend here that the charge as a whole would convey to the jury a clear and correct understanding of the law * * *.

"* * * the jury was not instructed expressly as to the rule of law with regard to skidding and nowhere can we find the rule by implication. It is, therefore, our opinion that the trial court committed prejudicial error in failing to give the requested instruction * * *."

■ In the instant case the instructions made no reference to defendant's theory upon which he had requested the specific instruction above described. The court charged the jury merely that:

"* * * in determining whether or not the driver was negligent you will take into consideration all the circumstances surrounding the accident, * * *."

Defendant's theory that the icy condition of the highway rather than

---

[1]The trial court had instructed the jury as follows (255 Minn. 215, 96 N. W. [2d] 567): "The defendant, John Sund, denies that negligence on his part was the cause of the accident. He claims that a motorist forced him to suddenly drive onto the shoulder, that he thereby lost control of his car, and finally collided with the plaintiff. * * * One who faces a sudden peril through no fault of his own is not negligent if, in his attempt to escape, he does not choose the best or the safest way, unless the way chosen was so hazardous that an ordinary prudent person would not have chosen it under similar circumstances."

464

his negligence had caused his truck to skid was not otherwise included in the instructions. It must be conceded that there was evidence upon which a jury might find that defendant's truck was out of control and skidded into plaintiffs' car because of uncontrollable factors rather than because of defendant's negligence. It is well established that the court's failure to give a requested instruction setting forth a litigant's theory of the case, where there is evidence to support such theory, constitutes error unless the substance of the requested instruction is covered by the general charge. Floen v. Sund, 255 Minn. 211, 96 N. W. (2d) 563; Fenton v. Minneapolis St. Ry. Co. 252 Minn. 75, 89 N. W. (2d) 404. Since this theory was not covered by the general instructions, it must follow that the court's failure to give the requested instruction thereon constituted error for which a new trial must be granted. Hammond v. Minneapolis St. Ry. Co. 257 Minn. 330, 101 N. W. (2d) 441.

Reversed.