## GEORGE POPPENHAGEN v. SORNSIN CONSTRUCTION COMPANY.

220 N. W. 2d 281.

May 3, 1974—No. 43980.

*Carter & Carter, Robert C. Carter, Robins, Davis & Lyons, Lawrence Zelle,* and *Robert M. Wattson,* for appellant.

*Erickson, Erie & Odland* and *Leonard A. Erickson,* for respondent.

Heard before Knutson, C. J., and Kelly, MacLaughlin, and Mulally, JJ., and considered and decided by the court.

MACLAUGHLIN, JUSTICE.

After a jury verdict for defendant, plaintiff appeals from an order denying his alternative motion for judgment n.o.v. or a new trial. We affirm.

In the early morning hours on September 26, 1969, a 1969 Chevrolet automobile driven by plaintiff, George Poppenhagen, collided with a crawler tractor[1] belonging to defendant, Sornsin Construction Company, at a highway construction site on Pen-

---

[1] The term "crawler tractor" is one used in the trial court, and it refers to a tractor propelled on steel treads rather than on rubber tires.

nington County Road No. 17 approximately 1 mile south of Thief River Falls, Minnesota. Defendant, as part of a contract with the city of Thief River Falls, had agreed to lay water and sewer pipes across County Road 17. At the point where the excavation work was to be done, County Road 17, which is a two-lane blacktop highway, runs north and south. The ditch into which the pipe was laid ran east and west. The construction work necessitated the closing of the highway at that point for 3 days. In order to allow the continued use of the highway, defendant constructed a bypass around the excavation site. The bypass was located west of the highway and was 150 to 200 feet long and wide enough to accommodate two lanes of traffic.

At the close of the working day on September 25, 1969, the pipe had been laid and the ditch filled with gravel to within 10 to 12 inches of the road surface. To prevent anyone from dropping into the open trench, a dark red snow fence encircled the north, south, and west sides of the ditch area. On the north and south the snow fence was supported by 4 x 4 posts set off to the side of the highway. The center of the snow fence on the south was supported by two steel fenceposts. To support the center of the snow fence on the north, a crawler tractor was parked across the highway, and the snow fence was wired to the equipment.

At the time of the accident, plaintiff was returning to his home in East Grand Forks, Minnesota, from a combination business and social call in Goodridge, Minnesota. Plaintiff was a car salesman, and he had been demonstrating the 1969 car involved in the accident to a longtime friend, Robert Widseth. It was after 1 a. m. when he began his journey back to East Grand Forks. The night was foggy and it was lightly raining so that plaintiff found it necessary to drive with his windshield wipers on. It is undisputed that plaintiff had at least one drink during the course of the evening.[2] There is a conflict in the evidence concerning the

_____
[2] While testifying concerning how many drinks plaintiff consumed on the evening of the accident, Robert Widseth replied, "We emptied the bottle," but said that one drink for everyone present was sufficient to empty the bottle.

adequacy or inadequacy of the warning signs which defendant had placed around the construction site. Defendant offered evidence that adequate precautions had been taken to warn the public of the presence of the excavation site, while plaintiff testified that he had little or no advance warning of the excavation until it was directly in front of him.[3] Plaintiff slammed on his brakes and skidded into the barricade, striking the crawler tractor. There were skid marks extending from the rear of plaintiff's car for a distance of 138 feet, and the crawler tractor, weighing 11,570 pounds, had been turned in a pivoting motion 180 degrees from the place it had been parked the previous evening. Plaintiff's car was totally demolished in the collision.

At trial plaintiff attempted to have a copy of the construction contract between defendant and the city of Thief River Falls admitted into evidence. When defendant objected, plaintiff made an offer of proof in which he claimed that article 18 of the contract, entitled "Safety and Protection; Emergencies," was relevant to show that defendant failed to comply with the terms of the contract regarding erection of safety devices.[4] The trial court sustained the objection and refused to allow the contract into evidence, indicating as its reasons the fact that the language in the contract which referred to "all applicable laws, ordinances, rules, regulations and orders of any public body having jurisdiction for the safety of persons or property" was too broad to have

---

[3] The place where the accident occurred is in the country, and therefore there were no street lights in the immediate area. The speed limit in that area is 45 miles per hour.

[4] Specifically, plaintiff relied upon article 18, subd. 1.1, which provides in part: "The Contractor will comply with all applicable laws, ordinances, rules, regulations and orders of any public body having jurisdiction for the safety of persons or property or to protect them from damage, injury or loss. He will erect and maintain, as required by the conditions and progress of the work, all necessary safeguards for safety and protection, including posting danger signs and other warnings against hazards and promulgating safety regulations."

any significance and that the remainder of the section merely restated the common-law requirement of the exercise of due care.

Plaintiff also unsuccessfully attempted to introduce into evidence the Manual of Uniform Traffic Control Devices promulgated by the Minnesota commissioner of highways.[5] Plaintiff made an offer of proof regarding the manual, arguing that the minimum standards for highway construction signs set forth in the manual were applicable in this case and that the warning signs and barricades used by defendant on the highway in question did not conform to the specifications outlined in the manual. The trial court sustained the objections and refused to allow the manual into evidence, giving as its reason the fact that the duty of a highway contractor with reference to posting detour signs is specified by Minn. St. 160.16, subd. 2,[6] and that unless it could be shown that the terms of the contract specifically required the contractor to erect signs according to the specifications of the manual, the provisions of § 160.16, subd. 2, would control. The trial court said that there was no language in the contract which could reasonably be construed as requiring defendant to post warning signs and barricades conforming to the manual.

At the close of the trial, plaintiff requested the following jury instructions regarding defendant's duty to give warning to the public of the construction hazards:

"A highway contractor who negligently fails to guard, or maintain proper barriers, lights, or other warning signals, at

---

[5] Adopted pursuant to Minn. St. 169.06, subd. 1.

[6] Minn. St. 160.16, subd. 2, provides: "The contractor, foreman, or person in charge of work or repairs on any public road shall, when the doing of the work or repairs necessitates the closing of a part of the road to traffic, post signs stating that the road is under repair and describing the direction and distance of the detour necessary to avoid the part of the road being repaired. The signs shall be posted at the intersection of the road under repair with the road to be traveled while detouring and at appropriate intervals along the road."

unsafe places near the work of construction or repair of a highway may be held liable for injuries resulting therefrom.

"OR

"If you find that a highway contractor was negligent in failing to guard or maintain proper barriers, lights, or other warning signals, at unsafe places near the work of construction or repair of a highway then he shall be liable for injuries resulting from such negligence."

"If you find that it is the duty of a road construction company in lawful possession of a road construction zone, acting through its officers, agents or employees to take reasonably adequate precautions to insure the safety of the general public and to take such action which a reasonable man would believe to be effective to provide adequate warning and protection to the traveling public, then a failure to do so constitutes negligence."

The trial court refused to give the requested instructions. Instead the court instructed in the language of Minnesota Jury Instruction Guides, Instruction 101,[7] Minn. St. 160.16, subd. 2,[8] and Minnesota Jury Instruction Guides, Instruction 100.[9] The court indicated that it felt the instructions given adequately stated the applicable law, as well as the requested instructions, and were more concise and understandable.

The principal issues presented in this appeal are whether the trial court committed prejudicial error in excluding from evidence the contract between defendant and the city of Thief River

---

[7] Minnesota Jury Instruction Guides, Instruction 101, reads as follows: "Negligence is the failure to use reasonable care. Reasonable care is that care which a reasonable person would use under like circumstances. Negligence is the doing of something which a reasonable person would not do, or the failure to do something which a reasonable person would do, under like circumstances."

[8] Set out in footnote 6, *supra*.

[9] Minnesota Jury Instruction Guides, Instruction 100, reads as follows: "A person may assume that every other person will use reasonable care and will obey the law until the contrary reasonably appears."

Falls and the Manual on Uniform Traffic Control Devices and in failing to give plaintiff's requested jury instructions.

■ While it is conceded that we are governed by the rule that the admission or exclusion of evidence at a trial is largely discretionary with the trial court, Hiedeman v. Hiedeman, 290 Minn. 210, 187 N. W. 2d 119 (1971), we have held, in considering other cases involving car accidents at road construction sites, that the terms of the contract between the construction company and the public body having authority over the construction of the road are relevant and proper for jury consideration. Thus, in Dornack v. Barton Const. Co. Inc. 272 Minn. 307, 317, 137 N. W. 2d 536, 544 (1965), we said:

"The standard of care owed by the Barton Construction Company to the traveling public is not fixed by the terms of its contract with the State of Minnesota. But the provisions in that contract are proper for jury consideration in determining whether the construction company complied with its general duty of due care as defined by the trial court in the instructions given by it and set out above."

Similarly in Foster v. Herbison Const. Co. 263 Minn. 63, 69, 115 N. W. 2d 915, 919 (1962), we said:

"* * * We think that, whatever the reasoning may be, the better rule, and that now followed by the weight of authority, is that such contract provisions should be admitted for the jury's consideration, together with all other evidence, in determining the question of defendant's negligence."

However, even though it appears that the contract should have been admitted and that the failure of the court to admit it is error, the more difficult question is whether the exclusion of the contract provision quoted in footnote 4, *supra*, constitutes such prejudicial error as to justify a new trial. Clearly, not every error in the exclusion of evidence may form the basis for granting a new trial. In Minnesota, before an error in the exclusion of evidence may be grounds for a new trial, it must appear that

such evidence might reasonably have changed the result of the trial if it had been admitted.[10] Kellett v. Wasnie, 261 Minn. 440, 112 N. W. 2d 820 (1962); Martin v. Tucker, 217 Minn. 104, 14 N. W. 2d 105 (1944).

After carefully reviewing all of the evidence in the present case, we are of the opinion that prejudicial error was not committed by the exclusion of the contract. Obviously, plaintiff's purpose in introducing the contract, as evidenced by his offer of proof, was to show that defendant was under a duty to erect safety devices around the construction site. It is our opinion that defendant's duty to erect such safety devices was amply called to the attention of the jury, both in the jury instructions and by other evidence, and that admission of the very general language of the contract would have had no effect on the jury's decision. Clearly, where excluded evidence is merely repetitious of other evidence admitted at trial, no prejudicial error results. Hornof v. Klee, 259 Minn. 139, 106 N. W. 2d 448 (1960).

■ With respect to admissibility of the Manual of Uniform Traffic Control Devices, this court has held that the manual does not have the force and effect of law, and thus, a violation of the requirements of the manual would not compel a finding of negligence as a matter of law. Erschens v. County of Lincoln, 287 Minn. 90, 177 N. W. 2d 28 (1970). Therefore, its admissibility was discretionary with the trial court. Hiedeman v. Hiedeman, *supra.*

The trial court found that, contrary to plaintiff's claim, the language of the contract did not mandate that any warning signs

---

[10] Rule 61, Rules of Civil Procedure, provides: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

erected by defendant must conform to the requirements of the manual. The trial court felt that if defendant were to be held to conform to the requirements of the manual his contract should specifically indicate this.

We agree with the trial court. It is clear that the contract does not specifically call for warning signs in conformance with the manual. In Smith v. Lafortune, 288 Minn. 135, 179 N. W. 2d 136 (1970), a case in which we held that the manual was properly admitted, the contract specifications clearly directed that signs and markers should conform to the manual. Absent such an unambiguous direction in the contract itself, the admission of the manual is purely discretionary with the trial court. Under the facts of this case, we find that the trial court did not abuse its discretion in refusing to admit the manual into evidence.

■ Finally, plaintiff contends that his theory of the case, i.e., that the accident was caused by defendant's negligence in failing to post both proper detour and warning signs, was not properly submitted to the jury. He argues that the trial court failed to present his theory, particularly the alleged inadequacy of warning signs, to the jury when it refused his requested instructions and, instead, instructed pursuant to § 160.16, subd. 2, and Minnesota Jury Instruction Guides, Instructions 100 and 101.

This court has held that "[a] party is entitled to an instruction setting forth his theory of the case if there is evidence to support it and if it is in accordance with applicable law." Dornack v. Barton Const. Co. Inc. 272 Minn. 307, 321, 137 N. W. 2d 536, 546, citing Hammond v. Minneapolis St. Ry. Co. 257 Minn. 330, 101 N. W. 2d 441 (1960). However, as we pointed out in Hammond, we have also held that "a special requested instruction setting forth a litigant's theory of a case may be denied if the substance of it is adequately covered by the charge as a whole." 257 Minn. 333, 101 N. W. 2d 443. See, also, Stall v. Christensen, 277 Minn. 71, 75, 151 N. W. 2d 764, 766 (1967), where we said:

"* * * [T]he court's instructions should be construed as a whole, having in mind the evidence in the case. If the instructions

so viewed convey to the jury a clear and correct understanding of the law, they must be upheld."

With these standards in mind, an examination of all the evidence in the case, along with the court's instructions, indicates that plaintiff's theory regarding defendant's duty to post adequate warning signs is fairly represented by the instructions as given. Moreover, there was a plethora of testimony from several witnesses concerning the adequacy of the warning signs surrounding the construction site. It would be unrealistic to assume that the experienced attorneys for both plaintiff and defendant did not discuss and clearly bring into focus their respective positions concerning the adequacy of both detour and warning signs at the scene of the accident during their final arguments to the jury. Larson v. Township of New Haven, 282 Minn. 447, 165 N. W. 2d 543 (1969). Therefore, we believe that the jury was aware of plaintiff's theory of the case despite the court's failure to give his requested instructions.

Plaintiff also argues that the court erred in refusing to admit the testimony of an expert witness. We have reviewed the record and the arguments of counsel and hold there was no error.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.