Marie RAKOW, Appellant,

v.

WATERFALL INN AND SUPPER CLUB, INC., Respondent.

No. C7–85–905.

Court of Appeals of Minnesota.

Feb. 11, 1986.
Review Denied April 11, 1986.

Paul E. Widick, Brainerd, for appellant.

Rolf E. Sonnesyn, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from the denial of appellant Marie Rakow's post-trial motions for judgment notwithstanding the verdict or in the alternative a new trial. Rakow claims the trial court abused its discretion by excluding the testimony of two witnesses prepared to testify as to the activities of the allegedly intoxicated person before he entered respondent Waterfall Inn and Supper Club's bar. We reverse and remand for a new trial.

## FACTS

Appellant Marie Rakow sustained severe injuries when the car she was driving was rear-ended on December 3, 1978 at approximately 11:30 p.m. by a car driven by Elvin Burchill, who earlier that evening had consumed alcoholic beverages at respondent Waterfall Inn and Supper Club, Inc.'s bar (Waterfall).

Rakow brought suit against Burchill which was settled on a Pierringer release. A subsequent dram shop action was brought by Rakow in 1982 against Waterfall based on information learned during discovery conducted for the earlier litigation. Waterfall impleaded Burchill and Wayne Tank, doing business as Tank Club, for contribution.

At trial, Burchill testified that sometime after 6:00 p.m. on December 3, he consumed two or three brandy and sodas, ate a pork chop dinner, and played several games of pool at the Tank Club. Burchill could not recall the exact time he left the Tank Club for the Waterfall, where he stayed approximately thirty to forty-five minutes. Burchill testified that he had one drink at the Waterfall and spoke to owner Loyal Hoag about possible openings for a bartender position. Although Burchill acknowledged he was not sober when he was at the Waterfall, he does deny being intoxicated, thereby suggesting a condition of health that eludes description.

Hoag admitted Burchill was in the Waterfall for approximately thirty minutes and that Burchill asked him whether a bartending job might be available. Hoag testified that Burchill had a drink in his hand and was a little louder than usual, and, while stating that Burchill did not appear to be intoxicated, admitted motioning to bartender David Niemann not to serve any more drinks to Burchill. Hoag testified that Niemann acknowledged the gesture but Hoag was uncertain whether his instructions were followed.

Niemann testified that he did remember an evening when Burchill came in and inquired about a job with the Waterfall while Loyal Hoag was seated at the bar. Niemann does not remember Burchill showing any signs of intoxication.

Rakow testified that she arrived at the Waterfall between 9:45 and 10:00 p.m. on the night of the accident. She first saw Burchill approximately thirty minutes after her arrival when he offered, by way of an intermediary, to buy her a drink. Later, Rakow spoke to Burchill as he left the bar and she concluded that he was obviously intoxicated.

Dianne Growney, a cocktail waitress at the Waterfall and Rakow's sister, saw Rakow arrive at the Waterfall sometime be-

tween 9:30 and 10:00 p.m. and approximately ten minutes later noticed Burchill entering the bar quite intoxicated. She thought that Burchill was served at least two drinks at the bar and concluded, based on her opportunity to observe Burchill during his stay at the Waterfall, that he remained obviously intoxicated at all times he was there.

Rakow attempted to introduce rebuttal testimony of Wayne Tank, the owner of Tank's Supper Club, and Forrest Blocker, a musician who was playing at Tank's on the night of the accident, that Burchill was not at Tank's that evening; that that evening Tank's did not serve pork chops; and both were prepared to testify that it was impossible for Burchill to play pool that evening because the pool tables were pushed aside in order to permit the band to play. The trial court excluded the testimony of both Tank and Blocker on the grounds that it was self-serving and might confuse the jury, since earlier in the lawsuit the court had dismissed the third-party action against Tank's.

Two state troopers testified that Burchill was clearly intoxicated when they arrived to investigate the accident which occurred minutes after Burchill left the Waterfall.

At the close of trial, the court directed a verdict against Burchill on all liability issues. The jury returned a verdict on special interrogatories finding Burchill 100% at fault and exonerating Waterfall of any liability. Damages in excess of $100,000 were found.

Rakow moved for judgment notwithstanding the verdict or in the alternative a new trial, claiming error by the trial court in excluding the testimony of Tank and Blocker and in instructing the jury on three separate occasions as to Burchill's absence from the case. Rakow further claims that the jury's verdict was not justified by the evidence and was contrary to law. Both motions were denied.

## ISSUE

Did the trial court err in excluding the rebuttal testimony of Wayne Tank and Forrest Blocker?

## ANALYSIS

1. Rakow argues the trial court abused its discretion by excluding the testimony of Wayne Tank and Forrest Blocker. Specifically, she claims the testimony was necessary to impeach the credibility of Burchill because other than Growney, he alone testified as to his condition on entering the Waterfall, which was the critical time to determine whether his state of intoxication would be apparent to a bartender. Growney's testimony would be suspect because she was a sister of Rakow. Burchill maintained he was sober at the accident scene, clearly implying he was also sober while at the Waterfall, where he claims he was sold only one brandy and soda.

■ Although there was ample testimony of Burchill's intoxication at the accident scene minutes after he left the Waterfall, testimony concerning Burchill's condition when he arrived at the Waterfall was certainly relevant to the central issue of whether the Waterfall served an alcoholic beverage to Burchill when he was obviously intoxicated.

Rakow had testimony available which cast considerable doubt upon the credibility of Burchill's testimony, testimony which directly refuted Burchill's testimony that he had been at Tank's Supper Club. The trial court refused, however, to permit such testimony.

This refusal does not become reversible error unless it is shown that there was a clear abuse of discretion or that the refusal was arbitrary. *Kellett v. Wasnie,* 261 Minn. 440, 445, 112 N.W.2d 820, 824 (1962).

Waterfall argues that impeachment of Burchill was cumulative and thus was unnecessary. Close examination of the record reveals, however, two separate areas of impeachment. All impeachment testimony offered before the attempted introduction of Tank and Blocker's testimony centered on statements and assertions made by Burchill and others at the accident scene rather than on events occurring be-

fore Burchill's arrival at the Waterfall. But Burchill and Growney's testimony was the only evidence available to the jury respecting his condition upon entry into the Waterfall, and Growney's had a taint of interest. Therefore, Tank's and Blocker's testimony was critical and the jury was denied the opportunity to hear testimony of events occurring before Burchill was first served a drink.

The difficulty we now face is whether this erroneous exclusion of testimony justifies a new trial because its admission might have resulted in a different verdict. *See Jenson v. Touche Ross and Co.*, 335 N.W.2d 720, 725 (Minn.1983) (quoting *Poppenhagen v. Sornsin Construction Co.*, 300 Minn. 73, 79–80, 220 N.W.2d 281, 286 (1974)). Where the case is close, the inclusion or exclusion of material testimony is important in balancing the respective positions of the parties. *See Kellett*, 261 Minn. at 449–450, 112 N.W.2d at 826. Here the excluded evidence may have influenced the outcome of the case.

Having concluded that a new trial is necessary on the grounds that the refusal to admit the testimony of Tank and Blocker was reversible error, we refrain from discussing other issues raised on this appeal.

### DECISION

Reversed and new trial granted.