Everett A. JOHNSON, as Trustee for
the next of kin of Doyle A.
Johnson, deceased, Appellant,

v.

Robert ENGEN, et al., Respondents,

Holt Township, Defendant.

No. CX–85–1756.

Court of Appeals of Minnesota.

April 29, 1986.

Dennis R. Peterson, Rochester, for appellant.

David W. Nord, Caledonia, for respondents.

Heard, considered and decided by RANDALL, P.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

Appellant's decedent, Doyle A. Johnson, was killed when the motorcycle he was riding collided with a vehicle driven by respondent Robert Engen and owned by respondent Whalen Ready Mix, Inc. Johnson's survivors brought a wrongful death action against the respondents. By special verdict, the jury found that (1) Engen was not negligent, (2) Ready Mix was negligent, but that its negligence was *not* a direct cause of the accident, and (3) Johnson was negligent, and his negligence *was* a direct cause of the accident. No damages were awarded to Johnson's survivors. Appellant's motion for a new trial was denied.

Appellant appeals on the grounds that (1) the trial court erred in admitting a videotape on motorcycle safety that was prejudicial to appellant, and (2) the special verdict was perverse because it awarded zero damages to appellant in disregard of evidence showing doctor bills and funeral expenses. We reverse and remand.

## FACTS

On June 26, 1981, Doyle Johnson was riding his motorcycle on Township Road M–12, Whalen, Fillmore County, Minnesota when he was killed in a collision with a gravel truck owned by Whalen Ready Mix, Inc. The truck was pulling a tractor which was carrying a bulldozer. The driver, Robert Engen, testified that the scene of the accident was a blind curve and Johnson was traveling on the wrong side of the roadway as he came around the curve. Appellant alleged that the accident was caused by the negligence of Ready Mix because the trailer did not have proper brakes.

Specifically, appellant alleged that the trailer's lack of brakes caused the unit to travel 17 to 50 feet further than it would have if the trailer had proper brakes. Appellant argues that if the trailer had brakes, the collision with the motorcycle may never have occurred, or if it did, it would have been less severe to the motorcycle driver.

The principal cause of Johnson's death was the severe head injury he sustained in the accident. Ready Mix argued that if Johnson had been wearing a motorcycle helmet, he would not have sustained the ultimately fatal head injury. At the trial Dr. Garry Peterson was called as an expert witness by Ready Mix to testify that Johnson would not have sustained fatal injuries had he been wearing a helmet. Dr. Peterson showed a videotape entitled *Motorcycle Safety Helmet Effectiveness* (Department of Transportation Video Tape 9–001) to support and illustrate his testimony.

Appellant's attorney objected to the introduction of the videotape. The trial court permitted it to be shown, but excised the first and last five minutes of the videotape which went beyond the question of helmets, and discussed general precautions that cyclists can take to prevent accidents.

## ISSUE

Did the trial court err in permitting the jury to view a videotape on motorcycle safety over the objections of the appellant?

## ANALYSIS

In *State v. Johnson*, 291 Minn. 407, 192 N.W.2d 87 (1971), the trial court refused to allow the introduction of a videotape and an out-of-court experiment which allegedly duplicated the conditions at the time of the crime. The Minnesota Supreme Court affirmed because in both instances it appeared that the conditions presented by the proposed evidence were not substantially similar to those which existed at the time in question. The supreme court stated that:

> The admission of motion pictures or evidence of experiments performed outside the jury's view rests in the sound discretion of the trial court. * * * To overturn a trial court's ruling, a clear abuse of discretion must be both alleged and proved.

*Id.* at 412, 192 N.W.2d at 91 (citations omitted).

We have reviewed the videotape that was introduced in this case, and even though the trial court excised some prejudicial material, we conclude that it was an abuse of discretion to permit any part of the videotape to be considered by the jury. The videotape was not developed to attempt to show by experiment material issues in this case and yet it related to material issues. It was a general documentary presented in a totally one-sided manner.

The videotape is extremely prejudicial and inflammatory in at least two respects. Although the videotape was allegedly introduced for the sole purpose of demonstrating the effectiveness of motorcycle helmets in protecting against death and serious injury, the portion of the videotape shown to the jury included accidents where only the motorcyclist was at fault. In these sequences, the videotape narrator states that the motorcyclists were "in a hurry to get to work" and swerved into the left lane of traffic causing an accident. The accidents discussed in the videotape took place on Los Angeles freeways while the accident in this case took place on a gravel township

road. There was no similarity of conditions. For a case where considerable effort was made to duplicate conditions concerning an accident on a gravel road, *see American State Bank v. County of Woodford*, 55 Ill.App.3d 123, 13 Ill.Dec. 515, 371 N.E.2d 232 (1978) (film was admissible).

The overall tenor of the videotape was also prejudicial to appellant. The videotape was obviously designed to encourage—some might say frighten—motorcyclists so that they will wear helmets. In one sequence the narrator informs the viewer that, "[d]ropping a watermelon or an unprotected head on the pavement gives the same effect." The viewer is then shown a dummy on a motorcycle crashing into a car, followed by a watermelon exploding in slow motion as it hits the ground. The inescapable conclusion in this case is that the jury was conditioned by the viewpoint of the videotape to accept respondent's theory that Johnson alone caused the accident and resulting injuries which led to his death. *See French v. City of Springfield*, 65 Ill.2d 74, 82, 2 Ill.Dec. 271, 275, 357 N.E.2d 438, 442 (1976) (film was inadmissible).

Rule 403 of the Minnesota Rules of Evidence states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury * * *." The videotape was introduced to show that motorcycle helmets protect against head injuries; hardly the type of proposition that requires extraordinary methods of proof.

We find that the trial court erred in admitting this videotape because, (1) its contents exceeded the purpose it was admitted for, and (2) its probative value was substantially outweighed by the danger of unfair prejudice flowing from its inflammatory nature. Further, the jury was obligated to consider all evidence admitted by the

court and this included the incompetent and highly prejudicial evidence represented by the videotape which related to a material issue. This constituted reversible error. *See Mankato Mills Co. v. Willard*, 94 Minn. 160, 164, 102 N.W. 202, 203 (1905), *cited with approval and quoted in Sullivan v. Brown*, 225 Minn. 524, 534, 31 N.W.2d 439, 445–46 (1948).

The jury found that Ready Mix was negligent, but its negligence was not a direct cause of the accident. When this verdict is viewed in light of the allegations that appellant made about the lack of trailer brakes, it is clear that the trial court's error in admitting the videotape might well have changed the result of the trial.[1] Therefore we reverse the judgment and order a new trial on the merits. *See Poppenhagen v. Sornsin Construction Co.*, 300 Minn. 73, 79–80, 220 N.W.2d 281, 285 (1974).

### DECISION

The trial court erred in permitting portions of the videotape to be shown to the jury. The judgment is reversed and a new trial is ordered on all issues including damages.

Reversed and remanded.

---

1. We note that the appellant did not supply this court with a transcript of the trial. Ordinarily, we would not review an evidentiary issue without a full transcript. However, we have viewed the film in question which was received in evidence over plaintiff's objection and considered by the jury and find it so blatantly incompetent and prejudicial that it constitutes reversible error with respect to the entire verdict.